**Richmond**

JEAN VAUGHAN RAY

v.

CONSTANT ROOSEVELT RAY

No. 0378-86

Decided August 4, 1987

510

Counsel

Charles A. Blanton, II, for appellant.

Arthur M. Baugh, for appellee.

Opinion

**BAKER, J.** — Jean Vaughan Ray (wife) appeals from a judgment of the Circuit Court of Henrico County (trial court) which denied her spousal support after she was awarded a divorce from Constant Roosevelt Ray (husband) on the ground of desertion.

The parties married on June 7, 1959. On November 9, 1983, husband willfully deserted wife. She filed a suit for divorce on June 1, 1984. On March 25, 1985, the trial court entered a decree of reference to a commissioner in chancery who was directed to

report concerning matters related to marital property as defined in Code § 20-107.3; the rights and equities in the marital property; and what amounts either party should pay to the other, and how such payments should be made. The commissioner was not ordered to report on matters related to grounds for divorce or spousal support.

The divorce decree was entered by the trial court on May 17, 1985, prior to the commissioner's report. The decree contained a provision which ordered husband to pay to wife "the sum of $1800 per month as temporary spousal support," and retained the matter "on the docket for the disposition of the issues, spousal support, attorney's fees and costs, and lump sum awards pursuant to Sections 20-107.1 and 20-107.3 of the Code of Virginia."

The commissioner's report was filed on August 29, 1985. It noted that wife's last job was as a secretary in 1968, that she was forty-six years of age and suffered from arthritis and costochondritis. The report further noted that wife testified that she was unable to maintain employment at that time even though her physical deficiencies were not disabling.

On December 18, 1985, the trial court entered a further decree making an equitable distribution award[1] which was in accord with the commissioner's report. The decree was accepted by the parties without appeal, and made no reference to spousal support.

On March 10, 1986, pursuant to notice, the issue of spousal support was argued and decided by the trial court. At that time, counsel for the parties advised the trial court that the terms of the December 18, 1985 equitable distribution decree had been complied with and that on July 1, 1986 wife would receive the first $29,000 installment in partial payment of the balance of the monetary award. The trial court was further advised that wife had a separate estate valued at $66,000, making the total value of her assets $524,095. Percentage estimates were made of the income which would probably be earned by wife's estate. Wife's attorney

---

[1] Marital property was determined to have a total value of $1,048,307 and appellant's interest therein was declared to equal $457,595 which was to be paid by her receiving two automobiles valued at $4,250 and $7,500, respectively; a house and its contents valued at $94,500; her I.R.A. account valued at $6,345; cash by January 10, 1986 of $200,000; and $145,000 in cash payments of $29,000 each for five years beginning on July 1, 1986.

512

then informed the trial court that the parties were asking the court to determine whether "a person who has received a relatively large lump sum settlement (is) entitled to ongoing spousal support." There is no conflict in the essential statements of fact made to the trial court. In view of the statements of counsel the trial court saw no need to receive further evidence from the parties.

Wife alleges that the trial court erred in refusing to hear evidence from witnesses who were available at the hearing to testify concerning the earning capacities of the parties, their obligations, needs and financial resources, the duration of the marriage, the standard of living established during the marriage, the parties' ages, physical and mental condition, and other factors such as tax consequences and matters relating to the equities between the parties. Husband argues that although the decree of reference was limited to issues pertaining to equitable distribution, evidence concerning these matters was submitted at the commissioner's hearing and it was not necessary to repeat the process at the March 10, 1986 hearing. He further alleges that the fact that the record contains no evidence that the trial judge considered these matters does not mean that he failed to consider them.

It is apparent from an examination of the transcript of the proceedings of March 10, 1986 that the trial court did not consider evidence given before the commissioner concerning the requirements of Code § 20-107.1. At the hearing the trial court stated that it would accept as true counsels' representations relative to the parties' property. The trial court then added that it was a question "of need against ability as of today." Without all the evidence of husband's income and property the court further stated: "They both have . . . the same amount of money to invest, they're going to get the same return, approximately. He elects to work and make more. She elects not to." After being advised that wife could not work, the court responded:

> I would say that after July 1 of this year, when she starts drawing this $29,000, she is going to have a good income, all she needs with what she has already got. Until she starts drawing it, he ought to continue to make the payments he is making now which amounts to about three more months.

It is obvious that the trial court considered the $29,000 as income rather than as a marital asset to which wife was entitled as a matter of law and without regard to need or earning capacity.

The above statement was followed by a further trial court observation made after counsel tried to have the court take note of husband's earning capacity:

If he didn't (have additional earning capacity) he couldn't have given her the house or the cash money. He couldn't have given her the thing that pays $29,000 a year for so many years.

After reviewing some of the marital assets received by wife as part of her equitable distribution award the trial court stated: "I think that is sufficient to satisfy her needs."

As indicated above, $145,000 of the marital asset award was to be satisfied in five equal cash installments of $29,000. These payments represented a division of marital property, not income to wife. The trial court however noted, "as long as she is drawing the $29,000 . . . plus the income from the $200,000 . . . I don't think she is entitled to any more income . . . ." The trial court erroneously considered the monetary award as income rather than an asset constituting a part of wife's estate.

We conclude that the trial court's ruling did not consider all the items listed in Code § 20-107.1 in determining whether husband should pay spousal support to wife.

The introduction of the principle of equitable distribution into the laws of the Commonwealth did not repeal the established rules and guidelines concerning spousal support. With respect to spousal support, the general rule remains that the income of the party who is required to pay, however such income is derived or derivable, is the fund from which the allowance is made. *See Taylor v. Taylor*, 203 Va. 1, 3, 121 S.E.2d 753, 755 (1961). A review of all the factors contained in Code § 20-107.1 is mandatory. *Woolley v. Woolley*, 3 Va. App. 337, 344, 349 S.E.2d 422, 426 (1986).

In a divorce case, where a claim for alimony is made by a wife who has been held blameless for the marital breach, the

law imposes upon the husband the duty, within the limits of his financial ability, to maintain his former wife according to the station in life to which she was accustomed during the marriage. In fixing the amount of alimony, the court must look to the financial needs of the wife, her age, physical condition and ability to earn, and balance against these circumstances the financial ability of the husband to pay, considering his income and his ability to earn. The amount awarded must, in any event, be fair and just under all the circumstances of the case.

Where the wife is possessed of a sizeable estate in her own right, the law does not require her to invade that estate to relieve the obligation of her former husband whose actions have brought an end to their marriage.

*Klotz v. Klotz*, 203 Va. 677, 680, 127 S.E.2d 104, 106 (1962) (citations omitted). Code § 20-107.1 continues to show legislative approval of the *Klotz* holding that the court must consider numerous factors in determining support and maintenance.

■ Whether spousal support should be paid is largely a matter committed to the sound discretion of the trial court, but it is not a discretion to be exercised without reference to Code § 20-107.1 and established guidelines. "[T]he statute commands that, in order to exercise its discretion, '[t]he court shall . . . consider' the specific factors contained therein. Failure to do so is reversible error." *Bristow v. Bristow*, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980). The record in this case discloses that the trial judge failed to consider all of the factors contained in Code § 20-107.1.

The trial court erred when it considered the monetary award derived from wife's marital property interest as income rather than an asset from which potential income might be derived. It further erred in failing to hear evidence on the factors contained in Code § 20-107.1 and in making its judgment as to spousal support without considering those factors. Although "[t]he property interests of the parties" and "[t]he provisions made with regard to the marital property" are two of the factors that the trial court must necessarily consider, a decree based upon consideration of only those two factors cannot stand. *See* Code § 20-107.1.

Accordingly, the decree appealed from is reversed and this cause remanded. Upon remand the chancellor is directed to hear such additional evidence as may be relevant to consideration of all the factors enumerated in Code § 20-107.1 and enter a new decree in accord with this opinion.

*Reversed and remanded.*

Benton, J., and Keenan, J., concurred.