COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Willis and Overton
Argued at Alexandria, Virginia


ROBERT HYER ALLISON

v.          Record No. 1516-95-4        MEMORANDUM OPINION[*] BY
                                        JUDGE NELSON T. OVERTON
MARLEEN McBRIDE ALLISON                    APRIL 16, 1996


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Jack B. Stevens, Judge

        Gary V. Davis for appellant.

        James A. Watson, II (Surovell, Jackson, Colten, &
        Dugan, P.C., on brief), for appellee.


    Robert Hyer Allison, husband, appeals the denial of his
motion to reduce spousal support to Marleen McBride Allison,
wife.  Finding no error in the lower court's decision, we affirm
the decision of the circuit court.

    Husband and wife were divorced in 1993 and husband was
ordered to pay spousal support to wife.  Husband stopped working
in November 1994 and then petitioned the court for a reduction in
support based on this change in circumstances.  His monthly
income had fallen from $5,777.34 to $5,373.00.  After a hearing
at which both husband and wife gave testimony and other evidence,
the trial judge denied the motion to reduce husband's spousal
support.  In his order, he ruled that "the Defendant has failed
to prove that his involuntary cessation of employment is a change

    [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

warranting a modification of the initial support award."

Husband asserts that the court erred by not considering all of the factors set forth in Code § 20-107.1 governing spousal support awards. We disagree. Section 20-107.1 applies to the initial setting of spousal support. "If the court determines that an award should be made, it shall, in determining the amount, consider the [listed factors]." Code § 20-107.1. The consideration of all of the factors in Code § 20-107.1 is not required when a judge rules upon a motion to reduce the award under Code § 20-109. Cf. Yohay v. Ryan, 4 Va. App. 559, 567, 359 S.E.2d 320, 324-25 (1987) (holding that when determining reduction of child support award under Code § 20-108, the court is not required to consider all of Code § 20-107.2 factors used to initially set the award). The standard for a warranted modification of spousal support is rather whether the moving party proves "both a material change in circumstances and that this change warrants a modification of support." Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989); see Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992).

The court in this case expressly found that no such change had occurred after considering all evidence of income to each of the parties. Husband argues that the judge improperly refused to hear evidence pertaining to wife's net worth and assets. His argument is unpersuasive. The judge was not required to consider wife's separate estate assets in determining a modification of

spousal support.  See Klotz v. Klotz, 203 Va. 677, 680, 127 S.E.2d 104, 106 (1962).  The wife's income is instead the crucial issue, and the record demonstrates that wife fully disclosed her income through testimony and interrogatories.  The judge likewise considered all of husband's income.  To the extent that husband had the ability to withdraw from his retirement accounts without penalty, the judge properly considered this source of income.

The record supports the finding that no material change of circumstances warranted a reduction in spousal support.  As such, the decision of the trial court will be upheld.

Husband also appeals the decision of the court concerning attorneys' fees.  Husband failed, however, to include any transcript or statement of facts of the proceedings in question, leaving this Court without a means to determine the issue.  We therefore dismiss that portion of the appeal.  Turner v. Commonwealth, 2 Va. App. 96, 100, 341 S.E.2d 400, 402 (1986).

Affirmed in part and dismissed in part.