COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


EDITH P. LANE DOTSON
                                              OPINION BY
v.        Record No. 0405-95-3       JUDGE LARRY G. ELDER
                                        JANUARY 21, 1997
JIMMY A. DOTSON

          FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                    Nicholas E. Persin, Judge

          Robert M. Galumbeck (Galumbeck, Simmons &
          Reasor, on brief), for appellant.

          No brief or argument for appellee.


     By final decree entered February 2, 1995, Edith P. Lane

Dotson was awarded a divorce from her husband, Jimmy A. Dotson,

on the ground of adultery.  The trial court awarded wife a lump

sum of $1.8 million, the parties' lake residence, various

personalty, and attorney's fees.  The judge also ordered husband

either to provide health insurance for wife or to pay wife the

cost of her health insurance, in the amount of $425 per month.

     Wife contends the trial court improperly consolidated

equitable distribution and spousal support considerations in

deciding to award her the $1.8 million lump sum.  She argues the

trial court erred in failing to designate the lump sum award as

either spousal support or as a monetary award and argues that if

the award was intended as a monetary award, the support award was

insufficient.  Alternatively, she argues that if the award was

intended as support, the monetary award was inequitable.  Wife

also contends that in determining the award, the judge (1) failed

to consider all of the statutory factors; (2) failed to consider the income husband's mining business would produce; and (3) erred in assuming wife could support herself from the lump sum award. For the following reasons, we reverse the lump sum award and remand the case for further consideration.

## I.

Husband and wife were married in 1961. Throughout the marriage, husband was self-employed in the coal mining industry. Wife was the homemaker and occasionally worked as a substitute teacher when their children were minors. She also kept the books for the parties' farm, helped with the bookkeeping for husband's business, and frequently picked up parts for the business.

The evidence proved that the parties ceased having sexual relations nineteen years ago after the wife had an operation. The evidence also proved husband engaged in an adulterous relationship for ten to fifteen years prior to 1992 when wife filed for divorce. The trial court found that the husband's conduct caused the marriage to end.

In conjunction with the equitable distribution hearing, the parties stipulated that the value of their marital estate was $5,312,150. The marital estate included the parties' farm, valued between $210,000 and $240,000, the marital home, valued at $55,000, the parties' lake house, valued at $38,000, and certificates of deposit valued at $3,567,350. The marital estate also included husband's coal company, the net asset value of

which the parties stipulated was $689,267.

Evidence proved that the parties filed joint income tax returns and reported income of $988,000 in 1987. Their income declined to $428,000 in 1992. Wife submitted an expense sheet reflecting monthly expenses of $4,218.35 after separation. She also testified that health insurance would cost $425 per month.

The trial court granted wife a divorce from husband on the ground of adultery. In consideration of "the factors . . . in [Code] Sections 20-107.3 and 20-107," the trial court awarded wife a "lump sum" of $1.8 million, the lake residence, and other property. The trial court also ordered husband either to provide wife health insurance or pay her $425 per month, the current cost of her health insurance. The trial court also ordered the parties to establish three large trust funds for their adult children consistent with an agreement the parties made, and granted other relief.

The trial court stated that in making the award he had considered wife's health and the effect of husband's adultery on wife, the lifestyle the parties maintained, the earnings the parties received from husband's mining business, and the fact that mining was an unpredictable industry and was not likely to generate in the future the kind of income the parties had enjoyed previously. In declining to grant wife's motion for reconsideration and make an additional support award, the trial court explained that the lump sum would allow wife both to save a

substantial portion of the award and also to earn a return through investment. The trial court stated that the lump sum award was equitable "in construing the spousal support statute and the equitable distribution statute" and further stated, "I was considering . . . giving her less lump sum and [making] an award of spousal support, but . . . I felt . . . it would be better to give her a lump sum of money and let her cut the ties with Mr. Dotson and not be worried about whether her spousal support check is going to be coming in every month. But if I had [made an award of spousal support], I would have lowered the lump sum award." The trial judge also stated his understanding that the court was not required to distinguish whether its lump sum award was intended as support or as distribution.

## II.

"A distinct difference . . . exists between a spousal support award and a monetary award." Brown v. Brown, 5 Va. App. 238, 246, 361 S.E.2d 364, 368 (1987).

> Spousal support involves a legal duty flowing from one spouse to the other by virtue of the marital relationship. By contrast, a monetary award does not flow from any legal duty, but involves an adjustment of the equities, rights and interests of the parties in marital property.

Id. "[T]he amount of support is based on current needs of the spouse . . . and the ability of the other spouse . . . to pay from current assets." Williams v. Williams, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987). "The income of the party who is

- 4 -

required to pay, however such income is derived or derivable, is the fund from which the allowance [for support] is made." Ray v. Ray, 4 Va. App. 509, 513, 358 S.E.2d 754, 756 (1987). "The `equitable distribution' statute, however, is intended to recognize a marriage as a partnership and to provide a means to equitably divide the wealth accumulated during and by that partnership." Williams, 4 Va. App. at 24, 354 S.E.2d at 66.

Under the statutory scheme, the trial judge must consider its equitable distribution award in fashioning a support award, but consideration of spousal support is improper when making an equitable distribution award. See Code § 20-107.3(F) (monetary award must be determined without regard to support); Code § 20-107.1(8) (in determining amount of support award, court must consider, inter alia, provisions made with regard to the distribution of marital property); see also Kaufman v. Kaufman, 7 Va. App. 488, 493-94, 375 S.E.2d 374, 377 (1988) (court cannot determine parties' relative needs and abilities until after it determines the monetary award).

The trial judge's initial opinion letter and the final decree state that the judge considered both the statutory factors relating to the determination of a support award, Code § 20-107.1, and the factors relating to the determination of a monetary award, Code § 20-107.3(E), in determining the amount of the lump sum. The court further stated that he gave her a lump sum so that she would "not be worried about whether her spousal

support check is going to be coming in every month."  It is apparent that the trial judge either considered support as a factor in determining the equitable distribution award or lumped together the equitable distribution award and a lump sum spousal support award, either of which was erroneous.  Furthermore, in denying wife's motion for reconsideration of periodic support, the trial court stated that he considered awarding wife periodic support and would have granted her a smaller lump sum if he had made separate awards.

In failing to distinguish spousal support from property distribution as required by the statutory framework, the trial court committed reversible error.  Treating the property distribution award and spousal support award as one not only reflects an erroneous application of the law but also precludes principled review.  Accordingly, the decision of the trial court is reversed and the case is remanded for a redetermination of both the equitable distribution award and the spousal support award.[1]

<u>Reversed and remanded.</u>

---

[1]We do not find it necessary to address the other issues raised because a redetermination of the equitable distribution award will necessarily require the trial judge to reconsider spousal support and the statutory factors relating thereto.

Annunziata, J., concurring.

I concur in the opinion of the majority that the trial court erred in awarding wife a "lump sum," representing both an equitable distribution award and a spousal support award. However, I agree with wife's contention that the court clearly erred as well in its consideration of certain factors relating to spousal support, whatever amount the court intended its support award to be. These issues will be of import on remand because, in my opinion, such error would require reversal irrespective of the reversible error the majority addresses. See Keyser v. Keyser, 7 Va. App. 405, 414-15, 374 S.E.2d 698, 703-04 (1988). Accordingly, I write separately to address those issues.

In determining spousal support, the trial court must consider all of the statutory factors set forth in Code § 20-107.1. Keyser, 7 Va. App. at 414-15, 374 S.E.2d at 703-04. Failure to do so is reversible error. Bristow v. Bristow, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980). Among other things,

> "the court must look to the financial needs
> of the wife, her age, physical condition and
> her ability to earn, and balance against
> these circumstances the financial ability of
> the husband to pay, considering his income
> and ability to earn."

Via v. Via, 14 Va. App. 868, 870, 419 S.E.2d 431, 433 (1992) (quoting Klotz v. Klotz, 203 Va. 677, 680, 127 S.E.2d 104, 106

(1962)); <u>see also</u> Code § 20-107.1(1).

A.

"Income producing property conveyed pursuant to Code
§ 20-107.3 would alter the needs of one party and the ability of
the other party to pay spousal support." Gamble v. Gamble, 14
Va. App. 558, 577, 421 S.E.2d 635, 646 (1992).  Thus, the court
must consider income which may be produced by a monetary award in
determining spousal support.  Kaufman v. Kaufman, 7 Va. App. 488,
493, 375 S.E.2d 374, 377 (1988).  However, a court may not
consider the corpus of a monetary award as income to the
receiving spouse.  Ray v. Ray, 4 Va. App. 509, 513, 358 S.E.2d
754, 756 (1987).  The law does not require a spouse, who is
possessed of a sizeable estate in his or her own right, "`to
invade that estate to relieve the obligation of her former
[spouse] whose actions have brought an end to their marriage.'"
Id. at 514, 358 S.E.2d at 757 (quoting Klotz, 203 Va. at 680, 127
S.E.2d at 106); see also Zipf v. Zipf, 8 Va. App. 387, 398-99,
382 S.E.2d 263, 269-70 (1989) ("[A] decree which singles out
[Code § 20-107.1(8)] to the exclusion of others, and which
essentially treats the support-seeking spouse's marital assets as
income, cannot withstand scrutiny on appeal").

Here, while the court expected wife to reinvest part of the
lump sum and support herself with the proceeds, no evidence
showed, and the court made no finding with respect to, what
amount of income, if any, the funds were likely to produce.
Thus, it is impossible to determine the extent to which the trial

court properly considered the income which the lump sum would produce in the future and the extent to which the court improperly assumed wife could invade her share of the marital estate to support herself.[2]  It is clear, however, that the court could not properly have considered the parties' relative needs and their relative abilities to meet those needs in the absence of evidence which established the income the lump sum could produce.  The failure to properly consider these factors is error.  See Code § 20-107.1(1); Via, 14 Va. App. at 870, 419 S.E.2d at 433.

B.

Furthermore, a support award which allows one party to approximate more closely the "station of life" enjoyed during the marriage while necessarily and materially diminishing that of the other party, is improper in the absence of evidence directing such a result.  See Code § 20-107.1(3); Via, 14 Va. App. at 870, 419 S.E.2d at 433 (a support award should, within the limits of the payor spouse's ability to pay, maintain the payee spouse "according to the station of life to which she [or he] was accustomed during the marriage").

> While a party's comparative financial
> condition before marriage and after divorce
> may demonstrate one's ability to support
> oneself, the court must consider the needs of
> each spouse in relation to each party's
> ability to provide for those needs and the

---

[2]This impossibility is compounded, of course, by the fact that we are unable to determine what amount of the lump sum, if any, represents support and what amount represents a money award.

> other spouse's ability or resources to provide for those needs. The station to which a party may have grown accustomed during marriage is to be considered in determining support.

Keyser, 7 Va. App. at 413-14, 374 S.E.2d at 703-04 (citation omitted); Homer H. Clark Jr., The Law of Domestic Relations in the United States 427 (2d. ed. 1987) (A spouse is not limited to receiving support which covers only the necessities of food, clothing, and shelter. To the extent the payor spouse is able to supply them, the recipient is entitled to have the comforts and even the luxuries of life).

The evidence in this case fails to support the conclusion that the trial court properly considered the parties' stations in life in light of their relative abilities to meet their support obligations. The court assumed wife's support needs would be fully met from the income or corpus of the lump sum. In so doing, the court failed to consider husband's income producing property and his ability to earn income from his mining operations as sources of support for wife. While the court's lump sum award left each party approximately $1.8 million in certificates of deposit, the court assumed wife's share would earn income but disregarded the potential income husband's share could produce. The court's distribution also left husband the income his mining operations would earn, which the record shows was between $1 million and $256,000 per year from 1989 to 1992. Thus, the income producing value of husband's post-divorce estate

would remain intact and his business income unburdened, while wife's estate would effectively erode.

While a post-divorce reduction in each party's station in life may be expected under the facts of this case, the court's disparate treatment of the parties' estates and incomes in determining spousal support makes manifest the likelihood of a disproportionate change in wife's post-divorce station of life. Such disparate treatment is not supported by the evidence or the court's findings and is, therefore, erroneous. See, e.g., Keyser, 7 Va. App. at 414-15, 374 S.E.2d at 703-04.

### C.

Finally, the trial court excluded husband's business income from its determination of the lump sum award because it found that mining in that part of the state is unpredictable and unlikely to yield similarly high returns in the future. However, "in setting support awards, [the court] must look to current circumstances and what the circumstances will be `within the immediate or reasonably foreseeable future,' not what may happen in the future." Srinivasan v. Srinivasan, 10 Va. App. 728, 735, 396 S.E.2d 675, 679 (1990). An award "`premised upon the occurrence of an uncertain future circumstance . . . ignores the design and defeats the purpose of the statutory scheme.'" Payne v. Payne, 5 Va. App. 359, 363, 363 S.E.2d 428, 430 (1987) (quoting Jacobs v. Jacobs, 219 Va. 993, 995-96, 254 S.E.2d 56, 58 (1979)). Thus, the court improperly speculated as to the demise

of husband's mining operations.

I would direct the court to consider these factors on remand.