ANNUNZIATA, Judge,
concurring.
I concur in the opinion of the majority that the trial court erred in awarding wife a “lump sum,” representing both an equitable distribution award and a spousal support award. However, I agree with wife’s contention that the court clearly erred as well in its consideration of certain factors relating to spousal support, whatever amount the court intended its support award to be. These issues will be of import on remand because, in my opinion, such error would require *46 reversal irrespective of the reversible error the majority addresses. See Keyser v. Keyser, 7 Va.App. 405, 414-15, 374 S.E.2d 698, 708-04 (1988). Accordingly, I write separately to address those issues.
In determining spousal support, the trial court must consider all of the statutory factors set forth in Code § 20-107.1. Keyser, 7 Va.App. at 414-15, 374 S.E.2d at 703-04. Failure to do so is reversible error. Bristow v. Bristow, 221 Va. 1, 3, 267 S.E.2d 89, 90 (1980). Among other things,
“the court must look to the financial needs of the wife, her age, physical condition and her ability to earn, and balance against these circumstances the financial ability of the husband to pay, considering his income and ability to earn.”
Via v. Via, 14 Va.App. 868, 870, 419 S.E.2d 431, 433 (1992) (quoting Klotz v. Klotz, 203 Va. 677, 680, 127 S.E.2d 104, 106 (1962)); see also Code § 20-107.1(1).
A.
“Income producing property conveyed pursuant to .Code § 20-107.3 would alter the needs of one party and the ability of the other party to pay spousal support.” Gamble v. Gamble, 14 Va.App. 558, 577, 421 S.E.2d 635, 646 (1992). Thus, the court must consider income which may be produced by a monetary award in determining spousal support. Kaufman v. Kaufman, 7 Va.App. 488, 493, 375 S.E.2d 374, 377 (1988). However, a court may not consider the corpus of a monetary award as income to the receiving spouse. Ray v. Ray, 4 Va.App. 509, 513, 358 S.E.2d 754, 756 (1987). The law does not require a spouse, who is possessed of a sizeable estate in his or her own right, “ ‘to invade that estate to relieve the obligation of her former [spouse] whose actions have brought an end to their marriage.’ ” Id. at 514, 358 S.E.2d at 757 (quoting Klotz, 203 Va. at 680, 127 S.E.2d at 106); see also Zipf v. Zipf, 8 Va.App. 387, 398-99, 382 S.E.2d 263, 269-70 (1989) (“[A] decree which singles out [Code § 20-107.1(8) ] to the exclusion of others, and which essentially treats the support-seeking spouse’s marital assets as income, cannot withstand scrutiny on appeal”).
*47 Here, while the court expected wife to reinvest part of the lump sum and support herself with the proceeds, no evidence showed, and the court made no finding with respect to, what amount of income, if any, the funds were likely to produce. Thus, it is impossible to determine the extent to which the trial court properly considered the income which the lump sum would produce in the future and the extent to which the court improperly assumed wife could invade her share of the marital estate to support herself.[2] It is clear, however, that the court could not properly have considered the parties’ relative needs and their relative abilities to meet those needs in the absence of evidence which established the income the lump sum could produce. The failure to properly consider these factors is error. See Code § 20-107.1(1); Via, 14 Va.App. at 870, 419 S.E.2d at 433.
B.
Furthermore, a support award which allows one party to approximate more closely the “station of life” enjoyed during the marriage while necessarily and materially diminishing that of the other party, is improper in the absence of evidence directing such a result. See Code § 20-107.1(3); Via, 14 Va.App. at 870, 419 S.E.2d at 433 (a support award should, within the limits of the payor spouse’s ability to pay, maintain the payee spouse “according to the station of life to which she [or he] was accustomed during the marriage”).
While a party’s comparative financial condition before marriage and after divorce may demonstrate one’s ability to support oneself, the court must consider the needs of each spouse in relation to each party’s ability to provide for those needs and the other spouse’s ability or resources to provide for those needs. The station to which a party may have grown accustomed during marriage is to be considered in determining support.
*48 Keyser, 7 Va.App. at 413-14, 374 S.E.2d at 703-04 (citation omitted); Homer H. Clark Jr., The Law of Domestic Relations in the United States 427 (2d. ed. 1987) (A spouse is not limited to receiving support which covers only the necessities of food, clothing, and shelter. To the extent the payor spouse is able to supply them, the recipient is entitled to have the comforts and even the luxuries of life).
The evidence in this case fails to support the conclusion that the trial court properly considered the parties’ stations in life in light of their relative abilities to meet their support obligations. The court assumed wife’s support needs would be fully met from the income or corpus of the lump sum. In so doing, the court failed to consider husband’s income producing property and his ability to earn income from his mining operations as sources of support for wife. While the court’s lump sum award left each party approximately $1.8 million in certificates of deposit, the court assumed wife’s share would earn income but disregarded the potential income husband’s share could produce. The court’s distribution also left husband the income his mining operations would earn, which the record shows was between $1 million and $256,000 per year from 1989 to 1992. Thus, the income producing value of husband’s post-divorce estate would remain intact and his business income unburdened, while wife’s estate would effectively erode.
While a post-divorce reduction in each party’s station in life may be expected under the facts of this case, the court’s disparate treatment of the parties’ estates and incomes in determining spousal support makes manifest the likelihood of a disproportionate change in wife’s post-divorce station of life. Such disparate treatment is not supported by the evidence or the court’s findings and is, therefore, erroneous. See, e.g., Keyser, 7 Va.App. at 414-15, 374 S.E.2d at 703-04.
C,
Finally, the trial court excluded husband’s business income from its determination of the lump sum award because it *49 found that mining in that part of the state is unpredictable and unlikely to yield similarly high returns in the fixture. However, “in setting support awards, [the court] must look to current circumstances and what the circumstances will be ‘within the immediate or reasonably foreseeable future,’ not what may happen in the future.” Srinivasan v. Srinivasan, 10 Va.App. 728, 735, 396 S.E.2d 675, 679 (1990). An award “ ‘premised upon the occurrence of an uncertain future circumstance ... ignores the design and defeats the purpose of the statutory scheme.’ ” Payne v. Payne, 5 Va.App. 359, 363, 363 S.E.2d 428, 430 (1987) (quoting Jacobs v. Jacobs, 219 Va. 993, 995-96, 254 S.E.2d 56, 58 (1979)). Thus, the court improperly speculated as to the demise of husband’s mining operations.
I would direct the court to consider these factors on remand.

. This impossibility is compounded, of course, by the fact that we are unable to determine what amount of the lump sum, if any, represents support and what amount represents a money award.