## CIRCUIT COURT OF LOUDOUN COUNTY

Smith

v.

Smith (Pratt)

July 7, 1997

Case No. (Chancery) 7139

■

BY JUDGE THOMAS D. HORNE

This case is before the Court on the petition of Suzanne Pratt for an increase in spousal support. Lowell K. Smith and Suzanne Pratt were divorced by decree of this Court entered on June 25, 1980. At that time, Mr. Smith was directed to pay his wife $235.00 per month alimony. The record demonstrates that Mr. Smith earned $29,000.00 in 1980. That year, Ms. Pratt had net monthly earnings of $537.50 as a receptionist with the Association for Research & Enlightenment. In addition, the parties stipulated, *inter alia*, that she was receiving $8,000.00 per year as beneficiary of a trust. Mr. and Mrs. Smith agreed to equally divide the proceeds from the sale of the marital home.

Ms. Pratt indicates that she presently has a monthly income of $949.24 which is comprised of a monthly social security payment of $468.00, spousal support in the amount of $235.00, and income from accounts with Legg Mason, CPA 3, and Smith Barney IRA in the amounts of $121.21, $82.60, and $42.43, respectively. Mr. Pratt has remained current in his support obligation since it was initially ordered in 1980. He reports his current pre-tax income is $83,460.00.

In determining whether Ms. Pratt is entitled to the relief she seeks, the Court must decide whether she has shown by a preponderance of the evidence that there has been a material change in circumstances and that such change warrants a modification in the level of support. *Reece v. Reece*, 22 Va. App. 368 (1996). Upon such a showing, support may be adjusted as the circumstances may make proper. Section 20-109, Code of Virginia.

Ms. Pratt is now 66 years of age and living in rural North Carolina. Since 1993, she has been unable to work as a result of her physical condition. She described for the Court her inability to ambulate across a room without the aid of a walker. In addition to difficulty in walking, Ms. Pratt has testified that, among other things, she experiences considerable pain.

Critical to the outcome of this case is the resolution of the inquiry as to whether this petitioner, who is now retired and with little prospect of future employment, must exhaust her assets in order to seek a sufficient level of support to maintain her daily needs. Although the testimony of Ms. Pratt concerning a financial statement she prepared in connection with the loan on her present home casts some doubt on the extent of her assets, even were the Court to consider such statement as a more accurate reflection of her financial worth, the conclusions to be drawn from such a statement would not bar her from seeking increased support.

Discrepancies between the testimony of Ms. Pratt and the statements contained in the loan application concerning the size of her separate estate have a bearing on the weight to be given her testimony, but they do not render such testimony unworthy of belief. However, the amount of income realized from, or used to maintain, such separate estate is a relevant consideration for the Court. The Court of Appeals has recently observed that the Court:

> is not required to consider her separate estate assets in determining a modification of spousal support. See *Klotz v. Klotz*, 203 Va. 677, 127 S.E.2d 104, 106 (1962). The wife's income is instead the crucial issue, and the record demonstrates that wife fully disclosed her income through testimony and interrogatories.

*Allison v. Allison*, No. 1516-95-4 (Va. Ct. of Appeals April 16, 1996) at p. 2.

The evidence demonstrates that income stream of Ms. Pratt has significantly declined since the entry of the last support order while that of her former spouse has dramatically increased. The defendant, petitioner, is living on a fixed retirement income with a minor supplementation from investments and room rental. She shops at Wal-Mart and thrifts. Her lifestyle is not extravagant nor her monthly living expenses unreasonable. Mr. Smith, although taking medication for a brain tumor, is able to earn employment income far in excess of his wife and has the present ability to supplement his wife's financial needs. The Court finds that she is entitled to such relief and that she is not required, under such circumstances, to exhaust her separate estate prior to receiving an increase in the level of her support.

Accordingly, the Court finds that Ms. Pratt is entitled to an increase in support in the amount of $600.00 commencing July 1, 1997. In addition, Ms. Pratt shall recover $2,000.00 towards her attorney's fees and costs expended in these proceedings.