COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


HERBERT RINEHART
                                            MEMORANDUM OPINION[*] BY
v.    Record No. 2034-00-4        JUDGE RUDOLPH BUMGARDNER, III
                                              JULY 10, 2001
NANCY M. RINEHART


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      R. Terrence Ney, Judge

          Ann W. Mische (Paula W. Rank; Byrd Mische,
          P.C., on briefs), for appellant.

          Evelyn H. Sandground (Condo & Masterman,
          P.C., on brief), for appellee.


     Herbert Rinehart appeals the trial court's failure to

terminate or reduce substantially his spousal support payment to

Nancy M. Rinehart.  He raises six issues[1] which restate in

_____

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] The husband presented these questions:  (1) whether the
trial court erred in failing to include in the wife's income,
for the purposes of determining spousal support, the potential
stream of earnings attributable to her receipt of the $468,126
in retirement funds from the husband's retirement benefits; (2)
whether it erred in failing to annuitize the principal and
potential earnings on the wife's share of the retirement
benefits and impute such figures; (3) whether it erred in
determining that the receipt of the wife's share of the pension
does not constitute income; (4) whether it erred in including in
the husband's income, for support purposes, his share of the
marital pension benefits while excluding from the wife's income
receipt of her share; (5) whether it erred when interpreting the
property settlement agreement to contemplate only the husband's
income decrease; and (6) whether its interpretation of the

various forms his objection to the decision not to treat the wife's pension distribution as current income when modifying spousal support.  Finding no error, we affirm.

The parties married October 21, 1991, separated April 30, 1997, and divorced July 24, 1998.  It was the second marriage for both and ended without children.  At the time of divorce, the husband was 58 years old and an airline pilot earning $180,000 annually.  The wife was 52 years old and a dog trainer earning $20,000 annually.

The parties executed a property settlement agreement setting spousal support for the wife at $3,500 per month.  It allocated the wife 50% of the marital share of the husband's retirement and 401K plans.  The final decree incorporated the contract provisions and appropriate Qualified Domestic Relations Orders completed allocation of the pension benefits between the parties.

Medical problems ended the husband's flying career.  He took early retirement and elected to receive his pension benefits as a lump sum.  That election permitted the wife to receive her share as a lump sum.  American Airlines distributed $2,064,000 to the husband and $468,126 to the wife.  Both parties deposited their distributions in Individual Retirement

_____

agreement was unsupported by its language and the evidence presented.

Accounts, which defer income taxes on earnings until the owner withdraws benefits. The husband began withdrawing $10,900 per month. The wife continued to work and withdrew nothing from her IRA.

The husband petitioned to "terminate/reduce" spousal support. At the hearing on the petition, the husband's annual retirement income was $156,000, but he no longer paid his first wife $18,000 spousal support. The reduction in that spousal support nearly offset his $24,000 reduction in income. The wife's situation had not changed. She still earned $20,000 annually working as a dog trainer and incurred expenses similar to those incurred when the parties executed the settlement agreement.

While retirement had reduced his income, the husband did not press that as the reason to decrease spousal support. Primarily he contended the wife no longer needed spousal support because she received a substantial cash distribution upon his retirement. The main thrust of his presentation was the testimony of a financial planner about the income potential of the wife's pension. The husband's expert projected monthly income of $3,500 for her life expectancy.

The trial court found that the husband's retirement constituted a material change in circumstances warranting modification of support. The reduction in his income warranted a reduction in monthly spousal support from $3,500 to $3,010.

In recalculating spousal support, the trial court considered the husband's monthly withdrawals from his retirement account as income.  The trial court did not treat the wife's lump sum payment as income and did not impute its income potential to her.[2]  The order provided that the wife's lump sum payment and the earnings thereon "shall not be imputed as income to [the wife] for so long as the funds remain in her IRA or other nontaxable deferred income instrument similar in concept to an IRA."  The husband contends this was error.

The husband argues the wife received income when American Airlines distributed her share of the pension benefit as a lump sum.  Under general equitable distribution principles, that distribution was not income but the distribution of an asset constituting part of her equitable distribution award.  Ray v. Ray, 4 Va. App. 509, 358 S.E.2d 754 (1987).  In Ray, the wife received an equitable distribution award in five annual installments of $29,000.  The trial court treated the payments as income and considered them in fixing spousal support.  "The trial court erroneously considered the monetary award as income rather than an asset constituting a part of wife's estate."  Id. at 513, 358 S.E.2d at 756.  Likewise, the distribution in this case was a distribution of an asset that constituted a part of

--------

[2] The husband presented no evidence of the actual earnings generated by the wife's IRA.

the wife's estate.  As the trial court noted, the wife's receipt of a lump sum payment "does not automatically amount to income to her."

After concluding established precedent did not treat a distribution of an asset as income, the trial court decided whether the parties had elected to treat the pension benefit as income to the wife in the property settlement agreement.  The trial court carefully analyzed the contract and concluded the wife's receipt of her share of the husband's retirement benefits in a lump sum was not receipt of income but distribution of an asset.  The trial court found:

> At the outset, what is absolutely clear is that by their Property Settlement Agreement the husband agreed to make two separate provisions for his wife.  First, he agreed to pay her spousal support at the rate of $3500 per month.  Second, he agreed to give her her share of his pension.  These were not interdependent actions.  Each stood alone.

The trial court ruled the lump sum payment was not income under the provisions of the contract.

The contract was unambiguous.  Paragraph 10 addressed spousal support.  It set the amount, provided for modification, and specified the facts that formed the basis for the monthly payment.  Those facts were:  the husband's annual income of $180,000, the alimony paid to his first wife of $18,000, and the wife's annual earnings of $20,000.  Paragraph 17 addressed the wife's rights in the husband's retirement

- 5 -

"assets/accounts/benefits."  The contract did not link or correlate the two provisions in any manner.

The contract treated spousal support and the pension benefits as separate, distinct matters.  Nothing suggested allocation of the pension benefit would trigger a change in the wife's income or suggested the parties intended that receipt of her share of the pension would relieve the husband of the support obligation.  Under the provisions of that particular contract, payment of her share by American Airlines did not change its nature as an asset.  As the trial court concluded, "the pension benefit was plainly envisioned as a distribution of property."

In various ways the husband argues the potential income streams that the pension asset could produce should be treated as income and imputed to the wife.  His expert explained the accepted methods for projecting streams of income and calculated these using various assumed rates of return.  The expert opined the wife could withdraw annually $35,000 or $42,000 for the balance of her life expectancy of age 83.  The husband argues such income potential supplanted the need for him to pay spousal support.  The wife's expert disputed the propriety of the calculations because they did not address the wife's particular needs, anticipate any inflation, or make provision if the wife lived past age 83.  He calculated the wife would out live the projected payments and be destitute.

A spouse is not required to deplete her assets to relieve the husband of his support obligation. Klotz v. Klotz, 203 Va. 677, 127 S.E.2d 104 (1962), held, "[w]here the wife is possessed of a sizeable estate in her own right, the law does not require her to invade that estate to relieve the obligation of her former husband" to pay spousal support. Id. at 680, 127 S.E.2d at 106 (citation omitted). The evidence in this case showed that withdrawing from the pension under the plans advocated by the husband would force the wife to deplete her primary asset.

The trial court rejected the husband's argument that the earnings potential of the pension benefits removed all or the major part of the wife's need for spousal support. It stated: "yet the wife did not receive 'income' from the pension but rather a lump sum payment which does not automatically amount to income to her. For her to convert it into income she must invest it and hence over time deplete it." The projections left her with nothing if she outlived her life expectancy. The trial court rejected the plan that would "diminish significantly – if not destroy – the wife's share of the marital property" and characterized the result as "Draconian."

Once the trial court elected not to impute income to the wife, it calculated the support based on the husband's reduced retirement income. When it recalculated the support award, the trial court carefully considered all the required factors under Code § 20-107.1. It specifically considered the wife's

- 7 -

retirement fund, which it described as her primary asset.  The trial court considered the husband's ability to pay based on his income from all sources and the wife's needs as well as her earning capacity.  Given the trial court's finding that the parties clearly contemplated two separate payments in their contract, pension distribution and spousal support, neither of which was conditioned upon the other, we find no error in the trial court's ruling.

The wife seeks an award of legal fees incurred in this appeal.  We find the husband had a reasonable argument and, accordingly, we deny the request for attorney's fees.  See Gayler v. Gayler, 20 Va. App. 83, 87, 455 S.E.2d 278, 280 (1995).

For the reasons stated, we affirm the decision of the trial court.

Affirmed.