COURT OF APPEALS OF VIRGINIA


Present:   Judges Annunziata, Frank and McClanahan
Argued at Chesapeake, Virginia


DANETTE K. LOPEZ

                                                              MEMORANDUM OPINION* BY
v.       Record No. 2400-03-1                        JUDGE ELIZABETH A. McCLANAHAN
                                                                    JUNE 29, 2004
ROBERT N. LOPEZ


                    FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                                   William H. Shaw, III, Judge

              Stephen A. Palmer for appellant.

              Kenneth R. Yoffey (Yoffey & Turbeville, on brief), for appellee.


        Danette K. Lopez appeals from a decision denying her spousal support from her

ex-husband, Robert N. Lopez.  Wife contends that the trial court erred in (1) considering wife's

inheritance as income; and (2) failing to consider the income-generating potential of husband's

equitable distribution monetary award, when determining whether to award wife spousal support.

For the reasons that follow, we affirm in part and reverse in part and remand to the trial court for

a reconsideration of the spousal support award.

                                        I.  Background

        When reviewing a chancellor's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting him the benefit of any reasonable inferences.

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).  Danette Lopez and

Robert Lopez married in 1986.  After an *ore tenus* hearing, by letter opinion dated June 20, 2003,

the trial court granted husband a divorce on the grounds that the parties had lived separate and

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

apart for more than one year. The letter opinion also included the chancellor's rulings on, *inter alia*, equitable distribution and spousal support.

With regard to the equitable distribution of the marital residence, the chancellor wrote, "Wife may purchase Husband's interest in the marital residence, provided that she obtains new financing . . . and pays off the existing indebtedness secured by the property. Further, she shall pay Husband $25,000 for his interest."

For purposes of spousal support and child support, the chancellor found husband's gross income to be $6,129 per month, "entirely a product of his employment income." He found wife's income to be $5,495 per month, "a product of several factors," including wife's income from employment, the monthly income from her rental home, and a monthly share of wife's inheritance from her mother's estate, "amortized over 24 months." The trial court listed wife's inheritance from her mother's estate to include some bank and investment accounts, proceeds from a life insurance policy, an automobile, which was given to wife's sister, furniture, a condominium, the sale proceeds from which were deposited in a certificate of deposit, and a partnership in a real estate venture. The court noted that wife and her sister shared equally in the proceeds of the balance of the estate.

After detailing wife's inheritance, the chancellor wrote, "Having amortized the principal [of wife's inheritance], no allowance is made for income earned." He then ruled, "No spousal support is awarded to Wife at this time, however spousal support is reserved to her and she may seek a change in support upon a material change." Further, "although Wife's share of the equitable distribution award is less liquid than Husband's, her request for the marital residence has been granted and she has the means to fund the award."

Wife filed a motion to reconsider, assigning four errors to the court's decision on spousal support. First, that the court erroneously relied on <u>Goldhamer v. Cohen</u>, 31 Va. App. 728, 525

S.E.2d 599 (2000), with regard to the calculation of gross income for the purposes of determining spousal support, arguing that case exclusively dealt with determining gross income for the purposes of child support. Second, that the court failed to take into consideration the $25,000 monetary award that husband received for his interest in the marital residence. Third, that the court erroneously considered wife's inheritance as income and amortized it over twenty-four months, requiring her to invade and deplete her own estate to relieve husband of his spousal support obligation. And fourth, that the court should only consider the income-generating potential of an asset in determining spousal support and not the asset itself.

The trial judge denied the motion to reconsider, but responded to wife's motion *seriatim* in a letter dated July 28, 2003. He wrote, first, that "[a]lthough Goldhamer v. Cohen involved the determination of gross income for child support purposes, the same considerations should be used to determine spousal support." Second, "[t]he overall equitable distribution award was considered in determining the support issues, even if not expressly addressed." Third, that the inheritance was treated "like other non-recurring income, such as bonuses or prizes. The inheritance is largely liquid or readily capable of becoming liquid, and has been received or is reasonably capable of being received over two years." And fourth, that the "inheritance is not an asset subject to equitable distribution. Nevertheless, while the income generated by an asset may be the appropriate factor to consider, I deem most of the inheritance as income." The chancellor's rulings were incorporated into the final decree of divorce entered on August 22, 2003. This appeal followed.

## II. Analysis

"Whether spousal support should be paid is largely a matter committed to the sound discretion of the trial court, subject to the provisions of Code § 20-107.1." Moreno v. Moreno, 24 Va. App. 190, 194, 480 S.E.2d 792, 794 (1997) (quoting McGuire v. McGuire, 10 Va. App.

248, 251, 391 S.E.2d 344, 346 (1990)).  The trial court's decision can be overturned only by a showing of an abuse of that discretion.  Northcutt v. Northcutt, 39 Va. App. 192, 196, 571 S.E.2d 912, 914 (2002).  "An abuse of discretion can be found if the trial court uses 'an improper legal standard in exercising its discretionary function,'" Congdon, 40 Va. App. at 262, 578 S.E.2d at 836 (citation omitted), because "a trial court 'by definition abuses its discretion when it makes an error of law.'"  Shooltz v. Shooltz, 27 Va. App. 264, 271, 498 S.E.2d 437, 441 (1998) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

### A.  Wife's Inheritance as Income

Code § 20-107.1(E), governing the decree of maintenance and spousal support, lists the factors that the trial court must consider in making that determination.  The first factor listed is "[t]he earning capacity, obligations, needs and financial resources of the parties, including but not limited to income from all pension, profit sharing or retirement plans, of whatever nature."  Thus, Code § 20-107.1 requires the trial court to consider wife's inheritance as a financial resource.

While the trial court was required to consider the inheritance, its reliance on Goldhamer is misplaced.  Goldhamer involved the computation of gross income with regard to child support.  The General Assembly has set out in Code § 20-108.2(C) the definition of gross income for the purposes of child support.  That statute clearly confines the definition to child support calculations.  The General Assembly has not set out the definition of gross income for the purposes of determining spousal support.  See Code § 20-107.1.  And this Court has said, "Child support and spousal support are separate and distinct obligations based on different criteria."  Lambert v. Lambert, 10 Va. App. 623, 629, 395 S.E.2d 207, 210 (1990).

The courts generally have discretion in deciding what constitutes income.  In this case, the trial court decided that wife's inheritance was similar to a prize or gift and, therefore,

- 4 -

amounted to income. It then required her to invade the inheritance as a source of income for her support.

Wife's receipt of monies from an inheritance does not amount to income to her. Income entails a recurrent benefit. An inheritance is not income. A dividend or interest payment from an invested sum, which is a recurrent benefit, is income. Black's Law Dictionary defines income as "[the] return of money from one's business, labor or capital invested; gains, profits, salary, wages, etc." Black's Law Dictionary 524 (abridged 6th ed. 1991). Income is proceeds from the capital, but is not the capital itself.

Moreover, even if we were to import the definition of gross income from Code § 20-108.1(C) for the purposes of determining spousal support, and consider wife's inheritance in the "gifts, prizes or awards" category, the definition in that statute clearly states that it is the *income* from the source, not the source itself. Here, the court was requiring wife to invade the principal of her asset for her support. "The law does not require the spouse who seeks support to exhaust his or her own estate in order to qualify, relieving the other spouse of all obligation of support until that estate is depleted." Zipf v. Zipf, 8 Va. App. 387, 398-99, 382 S.E.2d 263, 269 (1989) (citing Ray v. Ray, 4 Va. App. 509, 514, 358 S.E.2d 754, 757 (1987)); see also Klotz v. Klotz, 203 Va. 677, 680, 127 S.E.2d 104, 106, (1962).[1] "Spousal support involves a legal duty flowing from one spouse to the other by virtue of the marital relationship." Dotson v. Dotson, 24 Va. App. 40, 44, 480 S.E.2d 131, 132 (1997) (quoting Brown v. Brown, 5 Va. App. 238, 246,

---

[1] The question of whether a spouse may be required to invade his or her estate in order to *pay* spousal support is not before us on appeal; however, it is a closely related issue and is relevant to our analysis. We note that the Virginia Supreme Court long ago stated, "Alimony is usually an allowance in money out of the husband's estate, but not the estate itself." Lovegrove v. Lovegrove, 128 Va. 449, 451, 104 S.E. 804, 804 (1920), and Bray v. Landergren, 161 Va. 699,703-704,172 S.E. 252, 253 (1934); see also Barker v. Barker, 27 Va. App. 519, 530-31, 500 S.E.2d 240, 245 (1998). While alimony is now referred to as spousal support and either spouse may be required to pay it, as circumstances require, the concept is the same.

361 S.E.2d 364, 368 (1987)). "[T]he law imposes upon the [supporting spouse] the duty, within the limits of [his or her] financial ability, to maintain [his or her] former [spouse] according to the station in life to which [he or she] was accustomed during the marriage." Via v. Via, 14 Va. App. 868, 870, 419 S.E.2d 431, 433 (1992) (quoting Klotz, 203 Va. at 680, 127 S.E.2d at 106.) "'[T]he law does not require [wife] to invade [her] estate to relieve the obligation of her former husband whose actions have brought an end to their marriage.'" Ray, 4 Va. App. at 514, 358 S.E.2d at 757 (quoting Klotz, 203 Va. at 680, 127 S.E.2d at 106). See also Zipf, 8 Va. App at 398-99, 382 S.E.2d at 269-70.

Husband contends that wife's inheritance is similar to the contribution to a savings or deferred contribution plan considered as gross income in Frazer v. Frazer, 23 Va. App. 358, 378-79, 477 S.E.2d 290, 300 (1996). We disagree. Voluntary contributions to a retirement account are actual earnings that are merely set aside for the future, and such contributions are still income, albeit deferred. An inheritance, on the other hand, is a one-time bequest, and is not income.

Wife maintains that the court should have only considered the income-generating potential of the inheritance as income for the purposes of determining spousal support. We agree. A court must consider any income the parties' assets are able to produce. See Rowe v. Rowe, 24 Va. App. 123, 139, 480 S.E.2d 760, 767 (1997). It is appropriate for the court to consider the income-generating potential of any asset when determining whether to award spousal support. Because we hold that income includes earnings from an asset, and not the asset itself, we reverse and remand for the court's reconsideration of the spousal support award.

  B.  The Income-Generating Potential of Husband's Equitable Distribution Monetary Award

Wife argues that the court's ruling on the marital residence created for her an additional obligation that had to be paid out of her inheritance, thereby reducing the amount of her

inheritance available for income, and increasing the resources available to husband for use in paying spousal support. She contends that when determining spousal support, the court failed to take into consideration that husband was provided with an additional $25,000 for his interest in the marital residence.

To the contrary, in response to wife's motion to reconsider, the trial court stated in its July 28, 2003 letter to the parties that "[t]he overall equitable distribution award was considered in determining the support issues, even if not expressly addressed." Clearly, then, the court considered husband's monetary award with regard to the spousal support award. We presume the court correctly applied the law. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 161 (1985). See also Barker v. Barker, 27 Va. App. 519, 543, 500 S.E.2d 240, 252 (1998) ("Unless a party can show evidence to the contrary, we presume that the trial court properly applied the law to the facts."); Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977) (appellate court presumes the trial court correctly applied the law to the facts).

Wife asserts that the court's ruling on the marital residence created for her an additional obligation that had to be paid out of her inheritance. We disagree. The court stated in its ruling, "Wife may purchase Husband's interest in the marital residence, provided that she obtains new financing . . . and pays off the existing indebtedness secured by the property." Therefore, the trial court *allowed* wife to purchase husband's interest in the marital residence. It did not order wife to pay for the marital residence out of her inheritance. In fact, the court assumed wife would obtain new financing. It was wife's decision to pay for husband's interest in the marital residence from her inheritance.

### III. Conclusion

We hold that the trial court erred in considering wife's inheritance as income for the purposes of determining spousal support. However, the income-generating potential from that

asset is an appropriate consideration when determining gross income for purposes of spousal support.  We affirm the trial court's decision with regard to its consideration of husband's equitable distribution monetary award for his interest in the marital residence.  Accordingly, we affirm in part, reverse in part, and remand for a reconsideration of the spousal support award.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and remanded.</u>