## Richmond

### EUGENIA A. MOON v. WILLIAM FRANKLIN MOON, JR.

March 9, 1970.

Record No. 7092.

Present, All the Justices.

*Lewis A. Martin, Jr.*, for appellant.

*E. C. Wingfield; John M. Mamlet, Jr.* (*Wingfield, Barrick & St. John*, on brief), for appellee.

CARRICO, J., delivered the opinion of the court.

Eugenia A. Moon appeals from and attacks a decree awarding her alimony of $25.00 per month.

The parties were married on May 10, 1957. On November 4, 1965, the husband, William Franklin Moon, Jr., deserted the wife. On

March 8, 1966, she filed against him a bill for separate maintenance. The trial court entered a decree awarding her maintenance and support of $125.00 per month from the date of desertion. The husband complied with the decree.

On November 10, 1967, the husband filed against the wife a bill of complaint praying for a divorce on the ground of two-year separation and for release from further liability for her support. The wife filed an answer and a cross-bill in which she prayed for a divorce on the ground of desertion and for alimony.

The court heard the evidence ore tenus and granted the wife a divorce from the husband on the ground of desertion. The court vacated the decree entered in the separate maintenance suit and awarded the wife alimony of $25.00 per month. The court also awarded the wife counsel fees of $150.00. She was granted an appeal.

The evidence shows that in April, 1966, when the separate maintenance suit was tried and an allowance of $125.00 per month was awarded the wife, she was employed as a cashier at a drugstore earning a net wage of $34.02 per week. Her estimated needs then were approximately $75.00 per week, and she had savings of $414.19.

The husband, at the time of the earlier trial, was employed at a food store earning a net wage of $95.00 per week. His expenses were not shown.

In December, 1967, when the divorce suit was tried, the wife, in addition to her drugstore position, had secured employment at night operating a concession stand at a theater. She was earning from that work "about $15.00" per week, or an approximate total of $49.00 per week from her two jobs. Her estimated needs had increased to approximately $86.00 per week, and her savings had increased to $1,395.28. She testified that "deposits of portions of the support payments from her husband accounted for the increased balance" in her savings account.

At the time of the second trial, the husband's income had not changed. Again, his expenses, other than $70.00 per month for rent, were not shown.

The wife testified at the divorce trial that she did not own an automobile, television set, or phonograph and had no telephone in her apartment. She also testified that "several times during the year she sends small sums of $5.00 or $10.00 to relatives overseas."

We are not unmindful of the rule which the husband has im-

pressed upon us that in fixing the amount of alimony, the trial court is clothed with broad discretion. But there must be some reasonable basis appearing from the record to support the trial court's action in fixing the wife's allowance in this case at only $25.00 per month. No such basis appears.

The only ground we can find in the record upon which the husband relied to eliminate the support of his wife was that she "is now employed and has an income independent of contributions made by [the husband] . . . to provide her with necessities and comforts." That ground affords no basis for the trial court's action in this case.

It is true that at the time of the divorce trial, the wife's income had increased by the sum of $15.00 per week. That increase resulted, however, from extra employment in a second job. In the meantime, her estimated needs had increased almost as much as her income.

Under the circumstances in this case, a nominal award to the wife of alimony of $25.00 per month is unrealistic. She should not be penalized for her industry in working at two jobs nor for her frugality in establishing a savings account as a shield against emergencies.

We will reverse the decree of the trial court insofar as it pertains to the award of alimony. Upon remand, the court is directed to take further evidence, if the parties desire, and to fix an award of alimony related to the reasonable needs of the wife and the ability of the husband to pay.

The wife also complains of the trial court's award of only $150.00 for her counsel fees. The record before us is inadequate on this point to permit us to say whether the fee so fixed was improper, and that portion of the decree will not be disturbed.

Counsel for the wife will be awarded a fee of $300.00 for services in this court.

*Reversed and remanded.*