**Salem**

DEBORAH C. VIA

v.

WILLIAM J. VIA

No. 1845-91-3

Decided July 14, 1992

COUNSEL

Philip C. Coulter (Coulter & Coulter, on brief), for appellant.

No brief or argument for appellee.

OPINION

DUFF, J.—Deborah C. Via (wife) appeals from the trial court's final decree of divorce from William J. Via (husband). The decree was granted pursuant to Code § 20-91(9)(a) and denied the wife's request for spousal support and attorney's fees. The wife contends that such denial constitutes an abuse of discretion under the circumstances presented in the record. We agree and reverse.

## I. *The Facts*

William J. Via and Deborah C. Via were married on March 1, 1980. They separated on January 14, 1990. Two children were born of the marriage, but neither their support nor their custody is an issue in this appeal. Mr. Via was employed throughout the marriage as a manager with Food Lion, Inc. During the year prior to the parties' separation, he earned $34,000 plus various benefits. Mr. Via's income for 1990 was $37,419.

For several years at the outset of the marriage, Mrs. Via worked as a part-time grocery store clerk. However, she was primarily a homemaker and was virtually unemployed with no income for the last four years of the marriage. After the separation, Mrs. Via secured employment and during 1990 she earned $9,043.

After the filing of the Bill of Complaint on January 17, 1990, there followed over nineteen months of motions and hearings related to issues of support, visitation and property rights. The court ordered Mr. Via to pay $360 per month as temporary spousal support to Mrs. Via. Numerous motions to compel discovery and motions for contempt were filed by Mrs. Via. Mr. Via was found to be in contempt of court on March 5, 1990, and sentenced to ninety days in jail, all of which was suspended. He was also found in contempt on July 24, 1991. Both contempt findings were based on his failure to comply with orders of the court granting certain property and visitation rights to Mrs. Via.

Prior to the entry of the final decree of divorce, the parties settled all real and personal property issues by a Post-Nuptial Agreement dated May 2, 1990, which was affirmed, ratified and incorporated into the final decree entered September 20, 1991. This agreement, however, did not settle issues of child custody and support, spousal support or attorney's fees. These issues were reserved for adjudication and were decided by the court after a hearing on July 24, 1991. The court terminated temporary spousal support, denied permanent spousal support and denied Mrs. Via's claim for attorney's fees. It is from the rulings denying spousal support and attorney's fees that this appeal is brought.

## II. *Spousal Support*

■ The wife recognized, both in brief and at argument, that the decision to award spousal support rests within the sound discretion of the trial court. However, such discretion is not absolute and is subject to review for abuse. It should always be exercised in light of the legal principles enunciated in such cases as *Klotz v. Klotz*, 203 Va. 677, 127 S.E.2d 104 (1962); *Taylor v. Taylor*, 203 Va. 1, 121 S.E.2d 753 (1961); *Hawkins v. Hawkins*, 187 Va. 595, 47 S.E.2d 436 (1948); and *Ray v. Ray*, 4 Va. App. 509, 358 S.E.2d 754 (1987). In *Klotz*, Justice Carrico, writing for a unanimous Court, held as follows:

> In a divorce case, where a claim for alimony is made by a wife who has been held blameless for the marital breach, the law imposes upon the husband the duty, within the limits of his financial ability, to maintain his former wife according to the station in life to which she was accustomed during the marriage.
>
> In fixing the amount of alimony, the court must look to the financial needs of the wife, her age, physical condition and her ability to earn, and balance against these circumstances the financial ability of the husband to pay, considering his income and ability to earn. The amount awarded must, in any event, be fair and just under all the circumstances of the case.

*Klotz*, 203 Va. at 680, 127 S.E.2d at 106 (citations omitted).

In the case before us, the record shows no fault on the part of the wife. For most of the ten-year marriage, she devoted her time and energy to being a homemaker and mother. As previously noted, the wife had little or no income except in the early years of the marriage. After the separation, the record shows that she was able to obtain employment for forty hours per week, earning $5.85 per hour. She testified that she had no other source of income, had no telephone and no cable TV and drove a 1985 car, on which she is making monthly payments. The evidence taken at the hearing shows that she was running a deficit each month of approximately $900. She testified that she had a high school education and that her present employment was the best she could find. In order to make up for the monthly deficit, she had to "pay somebody one month, pay somebody else the next. I am having to really skip on my payments. I pay utilities, gas one month, electricity the next."

The record contains no serious challenge to the reasonableness and accuracy of Mrs. Via's claimed monthly expenses. Her evidence established a serious deficit between expenses and income. Thus, the record shows a clear basis for financial assistance if Mr. Via's resources permit him to respond to Mrs. Via's needs.

The evidence shows Mr. Via's earnings with Food Lion to be in excess of $37,000 per year, approximately four times Mrs. Via's present income. Facially, it appears that he has the capacity to respond to his former wife's financial needs. In summary, the record shows that the wife has sustained a substantially diminished standard of living, but does not show reasonable or adequate justification for why that decreased standard should continue. Under such circumstances, a denial of spousal support, without explanation, constitutes an abuse of discretion. *See Moon v. Moon*, 210 Va. 575, 172 S.E.2d 778 (1970).

We have carefully examined the record to ascertain the trial court's reasons for denying an award of spousal support to Mrs. Via. We find no explanation other than the court's statement that it weighed "quite slightly the earnings history of the partners during the course of the marriage in the determination of payment of periodic spousal support now." If that constitutes the sole ground upon which the denial rests, we hold it to be insufficient as a matter of law. Code § 20-107.1 directs the trial court to consider the parties' earning capacities as a factor in setting the amount of spousal support. In our judgment, the "Earnings History Sum-

mary 1980-1990" was a highly relevant factor in determining whether to award spousal support. This summary provides important indications of the present earning capacity of the parties.

If other reasons existed why spousal support was denied, they could easily have been incorporated into the record as findings, to which we have traditionally attached deference. However, no findings appear in the record before us. Although, we do not require a trial judge to quantify or detail his or her reasoning, where the court fails to make findings or to state any basis for reaching its conclusion to deny an award of spousal support, the reviewing court is hindered in its task. *See Woolley* v. *Woolley*, 3 Va. App. 337, 344, 349 S.E.2d 422, 426 (1986) (citing with approval *Campolattaro v. Campolattaro*, 66 Md. App. 68, 502 A.2d 1068 (1986)). The record before us presents this problem. Therefore, we reverse and remand for further proceedings.

### III.   *Attorney's Fees*

Mrs. Via further contends that the trial court erred in failing to award her at least a portion of her attorney's fees. The record shows her fees to have been $8,236 at the time of the July 24, 1991 hearing. The record also shows that many of the notices and motions filed by her attorney were necessitated by Mr. Via's failure to respond to discovery requests and court orders. In short, Mr. Via's actions contributed to Mrs. Via's costs to secure access to justice.

We note also that three of the wife's motions for attorney's fees were made to compel discovery. Rule 4:12(a)(4) provides that if such motion is granted the court *shall* require the party whose conduct necessitated the motion to pay reasonable expenses, *including attorneys fees* (emphasis added). At least one of the three motions by the wife resulted in an order granting the relief requested, but no award of attorney's fees was made.

Mrs. Via recognizes that awards of counsel fees generally lie within the discretion of the trial court. However, she argues, correctly, that such discretion is subject to review. In a case such as this, where the parties have disparate abilities to access the judicial system, a complete denial of attorney's fees amounts to an abuse of discretion.

In summary, we reverse that part of the final decree denying Mrs. Via spousal support and an award of attorney's fees. Upon remand, the court is directed to hear additional evidence and argument, if the parties desire, and to fix spousal support in an appropriate amount and for an appropriate duration according to the reasonable needs of the wife and the husband's ability to pay. *See Moon v. Moon*, 210 Va. 575, 172 S.E.2d 778 (1970). Also, upon remand, the court is directed to enter an appropriate award of attorney's fees for services rendered to Mrs. Via in the trial court, as well as on appeal.

*Reversed and remanded.*

Barrow, J., and Benton, J., concurred.