COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Fitzpatrick
Argued at Alexandria, Virginia

JUDITH ANN SNYDER

v.        Record No. 2147-94-4        MEMORANDUM OPINION[*] BY
                                      JUDGE JOHANNA L. FITZPATRICK
RONALD LEE SNYDER                            JUNE 20, 1995

          FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                      Richard B. Potter, Judge

     Stephen M. Farmer (Farmer & Stevens, on briefs), for
     appellant.

     Tracy C. Hudson (Smith, Hudson, Hammond & Alston, P.C., on
     brief), for appellee.


     In this domestic appeal, Judith Ann Snyder (wife) argues

that the trial court erred in:  (1) awarding her only thirty

percent of the marital share of Ronald Lee Snyder's (husband)

pension; (2) accepting husband's value of the parties' New York

summer property instead of her expert's value; (3) finding that

wife failed to establish by clear and convincing evidence that

husband committed adultery; (4) classifying two bank accounts for

the benefit of the parties' children as marital; (5) failing to

award wife a divorce based on grounds of adultery and/or

desertion; (6) ordering wife to pay the second mortgage on the

parties' Virginia property when husband withdrew $8,000 from the

home equity line of credit; and (7) awarding husband his

attorney's fees for the proceedings before a commissioner in

chancery on adultery and desertion as grounds for divorce.  We

     [*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

affirm on all issues except the $8,000 withdrawal and attorney's fees.

The parties were married on April 3, 1971 and had two children. They separated on July 16, 1992. Husband filed for divorce on October 7, 1992 on constructive desertion grounds and later, on July 23, 1993, amended his complaint to allege grounds of separation for more than one year pursuant to Code § 20-91(9)(a). On October 23, 1992, wife filed a cross-complaint for divorce on grounds of adultery and desertion.

On November 18, 1992, the matter was referred to a commissioner in chancery to establish the grounds of divorce. In a June 7, 1994 report, the commissioner found that wife had adequately proved her grounds of adultery and desertion by husband, and alternatively, that husband was entitled to a divorce on grounds of separation for more than one year. Husband excepted to the commissioner's report, arguing that wife failed to prove adultery by clear and convincing evidence. In a July 6, 1994 order, the trial court sustained the exceptions and rejected the commissioner's finding of adultery.

On August 30 and September 1, 1994, the trial court held hearings on the issues of equitable distribution, custody, support, and attorney's fees. In the September 30, 1994 final decree, the court awarded husband a divorce based on separation for more than one year. Wife received the Virginia marital home,

2

with a net equity of $76,200; a monetary award of $18,000; thirty percent of the marital share of husband's state government pension; two bank accounts opened for the benefit of the parties' children; and spousal and child support.  The court awarded husband the parties' New York summer property; seventy percent of his government pension; and $3,690 in attorney's fees.

## DIVISION OF PENSION

We hold that the trial court did not abuse its discretion in awarding wife thirty percent of the marital share of husband's state government pension.  Virginia's equitable distribution scheme does not provide "a statutory presumption of equal distribution."  Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986).  "Moreover, in reviewing an equitable distribution award, we rely heavily on the trial judge's discretion in weighing the particular circumstances of each case."  Aster v. Gross, 7 Va. App. 1, 7-8, 371 S.E.2d 833, 837 (1988) (upholding a sixty-five/thirty-five percent pension division).  In light of husband's substantial monetary contributions to the marriage, the seventy/thirty percent division in this case is not an abuse of discretion.

## VALUATION OF NEW YORK PROPERTY

Wife next argues that the trial court erred in refusing to accept her expert's valuation of the New York property.

At the equitable distribution hearing, husband testified that:  (1) the home on the New York property was unfinished; (2)

3

it would cost $17,000 to complete the home; and (3) the property was worth $58,000.  Wife called a real estate expert, who testified that the property was worth $82,000.  During cross-examination of wife's expert, husband established that the expert made errors in his report and was not as familiar with the New York property or comparable properties as he had testified on direct examination.  The trial court accepted husband's value of the property.

It is the chancellor's "province alone, as the finder of fact, to assess the credibility of the witnesses and the probative value to be given their testimony."  Richardson v. Richardson, 242 Va. 242, 246, 409 S.E.2d 148, 151 (1991).  Although expert testimony may be the preferable method for valuing marital property, "the finder of fact is not required to accept as conclusive the opinion of an expert."  Lassen v. Lassen, 8 Va. App. 502, 507, 383 S.E.2d 471, 474 (1989).  We find no abuse of discretion in this case.  Husband's cross-examination of wife's expert established the expert's unfamiliarity with the subject property, and the trial judge was entitled to accept husband's valuation.

### ADULTERY

Wife also contends that the trial court erred in rejecting the commissioner's finding of adultery.

During hearings before the commissioner, both husband and his alleged paramour denied wife's allegations of adultery.  The

4

evidence established that: (1) husband and the woman, a nurse, met at a hospital when his father became terminally ill; (2) he and the woman became friends; (3) he subleased part of her house; (4) he hired the woman for a job position at his school; (5) he called the woman several times to talk about his father's death; and (6) wife's investigator saw one brief kiss between husband and the woman.

"Although a commissioner's report is not entitled to the weight given to a jury's verdict, the report's findings should be sustained by a trial court unless the court concludes that they are not supported by the evidence." Seemann v. Seemann, 233 Va. 290, 293, 355 S.E.2d 884, 886 (1987). "One who alleges adultery has the burden of proving it by clear and convincing evidence." Id. "'While a court's judgment cannot be based upon speculation, conjecture, surmise, or suspicion, adultery does not have to be proven beyond a reasonable doubt.'" Gamer v. Gamer, 16 Va. App. 335, 339, 429 S.E.2d 618, 622 (1993) (quoting Coe v. Coe, 225 Va. 616, 622, 303 S.E.2d 923, 927 (1983)).

In this case, the trial court found that wife's evidence did not establish adultery by clear and convincing evidence even though the judge recognized husband's "close personal relationship." Both husband and the woman denied having a sexual relationship, and wife's investigator only saw one brief kiss. We hold that the trial judge correctly determined that the commissioner's finding of adultery was not established by clear

5

and convincing evidence.

## CLASSIFICATION OF PROPERTY

Wife further argues that the trial court erred in classifying two bank accounts opened for the benefit of the parties' children as marital property.

During the marriage, the parties opened two jointly-titled savings accounts at Signet Bank for the benefit of their children. After the parties separated, wife removed the funds and deposited them in a separate account. Husband's evidence established the value of the accounts at the date of separation as $3,856 and $2,726. The trial court determined that the accounts were marital property and awarded them to wife.

The accounts were established during the marriage and were jointly titled to the parties at the time of the separation, and as such, the property was marital. "Code § 20-107.3 does not authorize the court to make an equitable distribution of marital property to a non-party." Woolley v. Woolley, 3 Va. App. 337, 341, 349 S.E.2d 422, 425 (1986). We hold that the trial court did not err in finding the bank accounts to be marital. Although the court must consider the rights and equities of the parties in determining how to equitably divide marital property, including how they may have acquired or held the property, the court had no authority to award the bank accounts to the children.

## GROUNDS OF DIVORCE

6

Wife asserts that the trial court erred in failing to award her a divorce based on either desertion or adultery.

"Where dual or multiple grounds for divorce exist, the trial judge can use his sound discretion to select the grounds upon which he will grant the divorce." Lassen v. Lassen, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989). Wife failed to establish adultery by clear and convincing evidence, and the trial judge was not required to grant wife a divorce on grounds of desertion.

## LINE OF CREDIT ON VIRGINIA PROPERTY

Wife argues that the trial court erred in requiring her to pay the entire second mortgage (home equity line of credit) on the parties' marital home because husband created debt by withdrawing $8,000 from the line of credit. We agree.

On October 30, 1992, a mutual restraining order was entered that prohibited the parties from making withdrawals from marital assets while the divorce proceeding was pending. The order also required husband to redeposit $35,000 that he had earlier withdrawn from the parties' home equity line of credit on the marital residence in Virginia. On March 23, 1993, husband withdrew an additional $8,000 against that line of credit, and an order entered August 27, 1993 held husband in contempt for that withdrawal. In the final decree, the trial court made no findings regarding the $8,000 withdrawal.

"Although we do not require a trial judge to quantify or detail his or her reasoning, where the court fails to make

7

findings or to state any basis for reaching its conclusion . . ., the reviewing court is hindered in its task." Via v. Via, 14 Va. App. 868, 872, 419 S.E.2d 431, 434 (1992).  Because wife was awarded the marital home with the requirement that she pay all liens, she was required to repay $8,000 in debt that husband established after the separation and for which he received $8,000 in assets.  We cannot tell from this record whether the trial court considered this amount in arriving at its equitable distribution award.

## ATTORNEY'S FEES

Lastly, wife contends that the trial court erred in awarding husband $3,690 in attorney's fees.

The trial court found that husband's close relationship with his alleged paramour had an impact on the marriage and family:

> [H]usband did leave the home and entered into a close personal relationship with someone other than his wife.  And that action clearly has contributed to the dissolution of this marriage and also has had an economic impact on this family. . . . [T]he evidence presented does not rise to a finding of adultery . . . .

The judge awarded husband $3,690 for attorney's fees incurred in defending against wife's allegations of adultery.  The evidence at trial established that wife's income was $1,100 per month and husband's income was $5,800 per month.

"An award of attorney fees is discretionary with the court after considering the circumstances and equities of the entire case and is reviewable only for an abuse of discretion." Gamer

8

v. Gamer, 16 Va. App. 335, 346, 429 S.E.2d 618, 626 (1993). "The key to a proper award of counsel fees is reasonableness under all of the circumstances revealed by the record." Ellington v. Ellington, 8 Va. App. 48, 58, 378 S.E.2d 626, 631 (1989).

By awarding husband all attorney's fees for the proceedings before the commissioner, the judge was essentially punishing wife for pursuing the adultery grounds. However, the commissioner found that wife had adequately proved husband's adultery and the allegations were not frivolous. Additionally, the trial court specifically found that husband's close relationship led to the dissolution of the marriage and had an economic impact on the family. Under these circumstances, where a husband's monthly income is significantly higher than his wife's and the wife's pursuit of adultery grounds is not frivolous, it is an abuse of discretion to award the husband attorney's fees for defending against adultery charges.

Thus, the decision of the trial court is affirmed as to all issues except the $8,000 withdrawal and attorney's fees. Accordingly, we reverse and remand for clarification of the trial court's treatment of husband's withdrawal from the line of credit.

Affirmed in part, reversed in part, and remanded.

9