COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Annunziata and Clements
Argued at Alexandria, Virginia


GLORIA A. CLAURE
                                        MEMORANDUM OPINION* BY
v.    Record No. 2516-02-4       JUDGE JEAN HARRISON CLEMENTS
                                           SEPTEMBER 30, 2003
NEIL F. MURRAY


            FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                         Donald M. Haddock, Judge

              Michael A. Ward (Michael A. Ward, P.C., on
              briefs), for appellant.

              Alan B. Soschin for appellee.


     Gloria A. Claure (wife) appeals from a final decree of

divorce entered on August 28, 2002, granting Neil F. Murray

(husband) a divorce on the ground that the parties had lived

separate and apart for more than one year.  She contends the trial

court erred (1) in failing to grant her a divorce on the ground of

cruelty or constructive desertion; (2) in refusing to award her

spousal support; (3) in awarding the marital home, the parties'

automobile, and various financial and investment accounts to

husband and granting her a monetary award of only $50,000; and

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

(4) in denying her request for attorney's fees.[1]  In addition,

wife seeks an award of appellate attorney's fees.  For the reasons

that follow, we affirm the decision of the trial court and deny

wife's request for appellate attorney's fees.

As the parties are fully conversant with the record in this

case and because this memorandum opinion carries no precedential

value, this opinion recites only those facts and incidents of the

proceedings as are necessary to the parties' understanding of the

disposition of this appeal.

## I.  GROUNDS OF DIVORCE

Wife first contends the trial court erred in not granting her

a divorce on the ground of cruelty or constructive desertion by

husband.  In her opening appellate brief, wife's entire argument

in support of her claim of trial court error is as follows:

> The evidence at trial clearly showed
> that Husband was physically and verbally
> abusive to Wife.  This conduct was supported
> by the protective Order entered by the
> Juvenile Court in February, 2001.  The trial
> court erred in not finding the Husband guilty
> of cruelty and constructive desertion.

Rule 5A:20(e) requires that the appellant's opening brief

include the "principles of law, the argument, and the authorities

relating to each question presented."  Here, wife's opening brief

does not meet the requirements of Rule 5A:20(e) with regard to the

---

[1] For purposes of this appeal, we have, in identifying the issues raised on appeal, consolidated some of wife's interrelated questions presented.

issue of the grounds of divorce. Wife fails to present any principles of law or to argue the issue with any specificity, relying instead on broad, conclusory assertions. Wife also fails to provide any citation to controlling legal authority that supports her position with respect to this issue.

As we stated in Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992), "[s]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." See also Theismann v. Theismann, 22 Va. App. 557, 572, 471 S.E.2d 809, 816 (declining to address an argument on appeal that was inadequately developed in appellant's brief), aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996); Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (en banc) (noting it is not this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims").

Accordingly, this claim of trial court error does not warrant appellate consideration and we, therefore, do not consider it on appeal.

## II. SPOUSAL SUPPORT

Wife next contends the trial court erred in refusing to award her spousal support. The crux of wife's one-and-one-half-page

- 3 -

argument in her opening appellate brief in support of that
contention reads as follows:

> In a divorce case where a claim for alimony
> is made by a wife who has been held blameless
> for the marital breach, the law imposes upon
> the husband a duty, within the limits of his
> financial ability, to maintain his former
> wife according to the station in life to
> which she was accustomed during the marriage.
> Via v. Via, 14 Va. App. 868, 419 S.E.2d 431
> (1992).  In this case, the wife was not found
> to be at fault for the marital breakup.
> Accordingly, the Husband should have been
> required to pay spousal support to the Wife
> according to the station in life to which she
> was accustomed during the marriage.

Wife cites no other legal authority and provides no further
explanation of her claim.  She does not allege that the trial
court failed to properly consider the factors set forth in Code
§ 20-107.1.  Nor does she allege that the trial court gave undue
consideration to any one particular factor.  Moreover, she does
not address the trial court's finding that there was no evidence
in the record "relative to the parties' standard of living," much
less explain how "the station in life to which she was accustomed"
could be determined in light of that finding.  Because wife's
argument is inadequately developed, we need not address this
question on appeal.  See Theismann, 22 Va. App. at 572, 471
S.E.2d at 816.

Wife also argues that the trial court erred in refusing to
grant her a reservation of the right to receive future spousal
support.  Wife, however, never made a request to the trial court

- 4 -

for a reservation of the right to receive future spousal support and raised no objection when no such reservation was granted by the trial court.  Consequently, we will not address the merits of wife's argument.  See Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1988) (holding that we will not address an issue raised for the first time on appeal); Rule 5A:18.

Wife further argues in her opening brief that there was no credible evidence to support the trial court's findings that she was voluntarily unemployed and could earn at least $30,000 a year.  There was, she asserts in her brief, no expert testimony presented and no evidence that any such job was available to her.  However, as with wife's first argument concerning the grounds of divorce, this argument is devoid of any applicable principles of law and any citations to controlling legal authority that support her position.  Thus, we will not consider the argument on appeal.  See Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

Wife also argues, with respect to the issue of spousal support, that the trial court erred in finding that her monetary award of $50,000, made pursuant to Code § 20-107.3, should be used for her support and would be adequate for that purpose over the next several years.  It is clear, wife claims, that the trial court improperly viewed the monetary award as support for wife. We disagree with wife's characterization of the trial court's ruling.

Having determined that wife was voluntarily unemployed and capable of earning $30,000 a year, the trial court concluded, upon consideration of the evidence and the factors in Code § 20-107.1(E), "that no spousal support [was] appropriate in this matter." The trial court then stated as follows:

> [T]he monetary award of the $50,000 will be adequate to support the wife over the next several years during which she can, if she is able, obtain the necessary means to become a doctor. If not, she can certainly go back to work as a physician's or a medical assistant and make a perfectly adequate livelihood.

Under Code § 20-107.1(F), the trial court was required to identify those factors listed in Code § 20-107.1(E) that support its denial of spousal support to wife. We believe the trial court's statement quoted above was intended to satisfy that requirement with respect to two of the factors listed in Code § 20-107.1(E): "[t]he provisions made with regard to the marital property under [Code] § 20-107.3" and "[t]he earning capacity, including the skills, education and training of the parties . . . ." In the statement in question, the trial court merely pointed out that, if she chose to remain voluntarily unemployed, wife could use the monetary award to return to school. Thus, contrary to wife's assertions, the trial court did not find that the monetary award should be used for wife's support.

### III. EQUITABLE DISTRIBUTION

Wife also contends the trial court erred (1) in classifying the marital home as husband's separate property and awarding it to

husband, (2) in ordering her to vacate possession of the marital home prior to the date she would have been required to do so under the terms of a prior protective order, (3) in awarding various financial and investment accounts to husband, and (4) in awarding her a monetary award of only $50,000.

Wife addresses each of these claims individually in her opening appellate brief. Wife's brief, however, fails to meet the requirements of Rule 5A:20(e) with respect to each of these issues. Wife fails to present any principles of law or to argue the issues with any specificity, relying instead on broad, conclusory assertions. Wife also fails to provide any citation to controlling legal authority that supports her position with respect to any of these issues. Accordingly, wife's arguments do not merit appellate review. See Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

Wife also argues that the trial court erred in awarding the automobile in husband's possession to husband. Wife, however, made no such argument before the trial court. Accordingly, we do not address this claim on appeal. See Ohree, 26 Va. App. at 308, 494 S.E.2d at 488; Rule 5A:18.

## IV. ATTORNEY'S FEES

Wife lastly contends the trial court erred in denying her an award of attorney's fees. Wife's entire argument regarding attorney's fees states as follows:

> Given the greater resources and earning power of Husband, and the lack of same of the Wife, it was error for the trial court not to award Wife attorney's fees, especially when the court did not find her at fault for the dissolution of the marriage.

Again, Rule 5A:20(e) precludes our review of this issue in light of the inadequacy of wife's attempt at appellate argument. See Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

Wife's appeal being procedurally barred or without merit, we deny her request for appellate attorney's fees. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

For these reasons, we affirm the judgment of the trial court.

Affirmed.