COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Haley
Argued at Salem, Virginia


KATHY CORENA WALK

v.       Record No. 1335-07-3

ROBERT BAILEY WALK

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
APRIL 1, 2008

FROM THE CIRCUIT COURT OF TAZEWELL COUNTY
Michael L. Moore, Judge

Thomas R. Scott, Jr. (Street Law Firm, LLP, on briefs), for
appellant.

Gregory Matney (Campbell & Matney, on brief), for appellee.


Kathy Corena Walk ("wife") appeals a spousal support award entered pursuant to her

divorce from Robert Bailey Walk ("husband"). Wife argues that the circuit court abused its

discretion in setting the amount of spousal support. Wife presents two bases for her argument.

First, wife argues that the circuit court failed to require husband to support her in the manner to

which she was accustomed during the marriage. Second, wife argues that the circuit court

improperly awarded her a greater percentage of the marital property in order to pay for expenses

properly covered by spousal support. For the following reasons, we agree with wife that the

circuit court improperly distributed the marital property.[1] Accordingly, we reverse the circuit

court's decision and remand the case for further proceedings consistent with this opinion.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Wife concedes that by reversing the circuit court for improperly distributing the marital
property, we need not consider her first question presented.

Analysis

"On appeal, we construe the evidence in the light most favorable to the appellee."

Pinkard v. Pinkard, 12 Va. App. 848, 850, 407 S.E.2d 339, 340 (1991). "That principle requires

us to discard the evidence of the appellant which conflicts, either directly or inferentially, with

the evidence presented by the appellee at trial." Congdon v. Congdon, 40 Va. App. 255, 258,

578 S.E.2d 833, 835 (2003).

A circuit court has "broad discretion in setting spousal support and its determination 'will

not be disturbed except for a clear abuse of discretion.'" Brooks v. Brooks, 27 Va. App. 314,

317, 498 S.E.2d 461, 463 (1998) (quoting Dodge v. Dodge, 2 Va. App. 238, 246, 343 S.E.2d

363, 367 (1986)). "In exercising its discretion, the [circuit] court must consider all the factors

enumerated in Code § 20-107.1(E) when fashioning its award." Miller v. Cox, 44 Va. App. 674,

679, 607 S.E.2d 126, 128 (2005); see Code § 20-107.1(F) (requiring that "any order granting,

reserving or denying a request for spousal support shall be accompanied by written findings and

conclusions of the court identifying the factors in [Code § 20-107.1(E)] which support the

court's order").[2] One of the factors the circuit court must consider under Code § 20-107.1(E) is

"[t]he provisions made with regard to the marital property under [Code] § 20-107.3," the

equitable distribution statute.

Although a circuit court must consider the equitable distribution in determining spousal

support, "[w]e have recognized a distinction between equitable distribution awards made

---

[2] The circuit court awarded spousal support to wife, but did not provide any written findings or conclusions identifying the factors supporting that decision. The circuit court's failure to do so is an abuse of discretion. See e.g., Robinson v. Robinson, 50 Va. App. 189, 648 S.E.2d 314 (2007). However, wife does not raise the issue on appeal and we decline to reverse the circuit court on a ground not raised by the parties. See Rule 5A:20(c); e.g., Cruz v. Commonwealth, 12 Va. App. 661, 664 n.1, 406 S.E.2d 406, 407 n.1 (1991).

pursuant to Code § 20-107.3 and spousal support awards made pursuant to Code § 20-107.1."

Moreno v. Moreno, 24 Va. App. 190, 201, 480 S.E.2d 792, 798 (1997).

> In a divorce case, where a claim for [support] is made by a wife who has been held blameless for the marital breach, the law imposes upon the husband the duty, within the limits of his financial ability, to maintain his former wife according to the station in life to which she was accustomed during the marriage.

Via v. Via, 14 Va. App. 868, 870, 419 S.E.2d 431, 433 (1992). It is that "legal duty flowing from one spouse to the other by virtue of the marital relationship" that forms the basis for a spousal support award under Code § 20-107.1. Brown v. Brown, 5 Va. App. 238, 246, 361 S.E.2d 364, 368 (1987). "The 'equitable distribution' statute, however, is intended to recognize a marriage as a partnership and to provide a means to equitably divide the wealth accumulated during and by that partnership." Williams v. Williams, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987). Equitable distribution is the delineation of property rights, whereas spousal support is the enforcement of a legal duty.

In light of those principles, we have held that it is improper for a circuit court to consider spousal support obligations in distributing marital property. See Lightburn v. Lightburn, 22 Va. App. 612, 619, 472 S.E.2d 281, 284 (1996) ("A trial court determines distribution of marital property without regard for the considerations of spousal support and the factors in Code § 20-107.1."). We have held the converse to be true as well – a circuit court cannot take marital property that a spouse is entitled to under Code § 20-107.3 to satisfy that spouse's support obligations under Code § 20-107.1. See Zipf v. Zipf, 8 Va. App. 387, 399, 382 S.E.2d 263, 269 (1989) ("The law does not require the spouse who seeks support to exhaust his or her own estate in order to qualify [for spousal support], relieving the other spouse of all obligation of support until that estate is depleted.").

Here, the circuit court gave wife a 60% share of the marital property in equitable distribution. In doing so, the court awarded her approximately $14,000 more than she would have received had the court divided the property evenly. In its ruling, the circuit court explained that it gave wife a larger portion of the marital property because of the increased health insurance costs she would incur upon divorce.[3] However, health care insurance is an expense properly considered in determining a spousal support award, not equitable distribution. See Lassen v. Lassen, 8 Va. App. 502, 506, 383 S.E.2d 471, 473 (1989) ("There is no statutory mandate that health care coverage be provided, though physical and medical condition of the parties is one fact a court must consider in awarding *spousal support*." (emphasis added)). Thus, the additional $14,000 in marital property must be considered an award of spousal support. As such, the award was improper. Marital property cannot be used to satisfy spousal support obligations. The circuit court violated the statutory scheme by granting wife additional marital property to supplement her spousal support award. In doing so, the circuit court abused its discretion and we are obliged to reverse its decision.

## Conclusion

Based on the foregoing, we reverse and remand the decision of the circuit court.

Reversed and remanded.

---

[3] Wife was covered by a health insurance plan provided by husband's employer and would no longer be eligible for that plan upon divorce.