COURT OF APPEALS OF VIRGINIA

Present: Judges Decker, Malveaux and Senior Judge Felton

KEITH WAYNE MABE

                                           MEMORANDUM OPINION[*]
v.      Record No. 0007-16-3                   PER CURIAM
                                            JUNE 14, 2016
ANITA KAREN MABE

FROM THE CIRCUIT COURT OF CARROLL COUNTY
Brett L. Geisler, Judge

(Michael R. Worrell; Bruce H. Russell, II, P.C., on briefs), for
appellant.

(Monica Taylor Monday; Gentry Locke LLP, on brief), for appellee.

Keith Wayne Mabe (husband) appeals a final decree of divorce. Husband argues that the

trial court erred by (1) granting Anita Karen Mabe (wife) a divorce based on desertion because

husband's "departure from the marital home does not, in and of itself, constitute desertion;"

(2) valuing the Nissan Rogue and failing to credit husband for additional payments he made on the

vehicle; and (3) failing to credit husband for a mortgage payment he made after the separation.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband and wife married on April 11, 1997 and separated on May 8, 2013. On June 11, 2013, wife filed a complaint for divorce and sought a divorce on the grounds of desertion and abandonment. On July 3, 2013, husband filed an answer to the complaint and denied wife's allegations that he deserted or abandoned the marriage. Husband sought a divorce based on cruelty and constructive desertion.

On August 11, 2014, the parties appeared before the trial court on the issues of grounds for divorce, spousal support, equitable distribution, and attorney's fees. Each party subsequently filed memorandum of law to support their arguments.

On February 6, 2015, the trial court issued a letter opinion on the issues of grounds for divorce and equitable distribution. The trial court held that wife was entitled to a divorce based on desertion. The trial court found that the parties did not intend to separate and that husband voluntarily left the marriage. The trial court also considered the Code § 20-107.3 factors and divided the marital property such that wife received fifty-five percent and husband received forty-five percent.

On March 3, 2015, the trial court issued a letter opinion on the issues of spousal support and attorney's fees. The trial court considered the statutory factors for spousal support. It held that husband would pay $760 per month to wife for spousal support for eight years from the date of the original *pendente lite* support obligation. The trial court further ordered husband to pay $8,000 toward wife's attorney's fees.

Husband filed a motion to reconsider, which the trial court denied. The trial court entered the final order of divorce on November 30, 2015. This appeal followed.

ANALYSIS

*I. Grounds for divorce*

Husband argues that the trial court erred in awarding wife a divorce based on desertion because husband's "departure from the marital home does not, in and of itself, constitute desertion."

"On appellate review, a divorce decree is presumed correct and will not be overturned if supported by substantial, competent, and credible evidence." Gottlieb v. Gottlieb, 19 Va. App. 77, 83, 448 S.E.2d 666, 670 (1994) (citing Capps v. Capps, 216 Va. 382, 384, 219 S.E.2d 898, 899 (1975)).

"Desertion is a breach of matrimonial duty, and is composed first, of the actual breaking off of the marital cohabitation, and secondly, an intent to desert in the mind of the offender. Both must combine to make the desertion complete." Zinkhan v. Zinkhan, 2 Va. App. 200, 205, 342 S.E.2d 658, 660 (1986) (quoting Nash v. Nash, 200 Va. 890, 893, 108 S.E.2d 350, 352 (1959)); see also Barnes v. Barnes, 16 Va. App. 98, 101, 428 S.E.2d 294, 297 (1993) (Willful desertion occurs when "one spouse breaks off marital cohabitation with the intent to remain apart permanently, without the consent and against the will of the other spouse."). "The burden of proving desertion should be by a preponderance of the evidence." Bacon v. Bacon, 3 Va. App. 484, 490, 351 S.E.2d 37, 40-41 (1987).

The parties gave different accounts as to why they separated. Husband contends the parties agreed that he would leave the marital home after he finished his exams for the spring semester. He also asserts that wife told him that he could not return to the marital home because "the marriage was over." On the other hand, wife stated that husband belittled her about her weight and threatened to leave her if she did not lose weight. She contends husband decided to leave the marriage, but she did not want him to do so.

The trial court found that the parties' relationship "had been in trouble for many years." The trial court stated, "Mrs. Mabe apparently was not able to keep up with Mr. Mabe's demands as it relates to her weight and her performance in the bedroom. Mr. Mabe apparently became very frustrated and felt like he was not appreciated or respected." The trial court concluded that the parties did not agree to separate, although "tensions were high between Mr. and Mrs. Mabe at the end, especially since Mrs. Mabe was unable to meet Mr. Mabe's demands." The trial court granted wife a divorce based on desertion because husband "voluntarily left the marriage."

The evidence supports the trial court's findings. Wife presented evidence as to how husband treated her and belittled her. She explained that she tried, but could not meet, his demands. She testified that husband told her on April 30, 2013 that he was leaving. She was upset, begged him to stay, and offered to go to a marriage therapist, but he left on May 8, 2013. Husband testified that wife made the marriage "unbearable" and that he felt "frustrated and unappreciated." Husband's girlfriend testified that at the time of the trial, they had been dating for approximately one year and that they "spend 1 overnight per week together."

The trial court had the opportunity to see and hear the witnesses. It did not accept husband's testimony that the parties had agreed to separate. "It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*) (citation omitted).

The evidence supports the findings that husband left the marriage on May 8, 2013 with the intent to separate permanently.

## *II. Nissan Rogue*

Husband argues that the trial court erred in calculating the equity of the Nissan Rogue because it "did not take into account additional payments made by the parties during the

marriage and by [husband] after the end of the marriage." Furthermore, husband claims that the trial court erred because "the erroneous amounts were not corrected when the court calculated the division of liabilities with regards to credit card debt."

On appeal, "decisions concerning equitable distribution rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

The parties' marital property included a 2011 Nissan Rogue. The vehicle's fair market value was $16,650, but it was encumbered by a loan worth $8,323.72. Therefore, its equity was $8,326.28.

Husband explained to the trial court that pursuant to a *pendente lite* order, each of the parties was responsible for one-half of the loan payment. However, due to an error, husband said that he "inadvertently" made an overpayment of approximately $2,000 on the loan for the Nissan Rogue. He requested a credit for such payment.

The trial court did not credit husband for the overpayment on the Nissan Rogue and awarded all of the equity to wife. In addition, the trial court ordered that since husband received more assets than wife, he would be responsible for the credit card debt of $8,356.

Husband asserts that the trial court erred by awarding all of the equity to the wife and ordering him to be responsible for all of the credit card debt. However, the record indicates that husband agreed to the value, the loan amount, and the equity of the Nissan Rogue.

The trial court did not order an equal distribution of the marital property, and it is not required to do so. Papuchis v. Papuchis, 2 Va. App. 130, 132, 341 S.E.2d 829, 830-31 (1986).

Contrary to husband's arguments, the trial court did not abuse its discretion by declining to issue husband a credit for the Nissan Rogue. See Fadness v. Fadness, 52 Va. App. 833, 842,

667 S.E.2d 857, 862 (2008) ("a circuit court has broad discretion in determining equitable distribution").

### III.  Mortgage payment

Husband argues that the trial court erred "in its calculation of the relative value of the mortgage payments because the court did not take into consideration a payment made by [husband] during the process due to [wife's] inability to make a mortgage payment."

The parties owned the former marital residence, and pursuant to the *pendente lite* order, wife was ordered to pay the mortgage as of July 9, 2013.  At the time of the *pendente lite* order, husband had paid the July 2013 mortgage payment of $972.44.  Husband requested that he receive a credit for the July 2013 mortgage payment.  The trial court found that the property had been sold at the time of the final hearing.  It valued the remaining equity at $21,042.29 and awarded the equity to wife for equitable distribution purposes.

As with the distribution of the equity in the Nissan Rogue, the trial court did not abuse its discretion by failing to give husband a credit for the July 2013 mortgage payment.  "Virginia law does not establish a presumption of equal distribution of marital assets."  Matthews v. Matthews, 26 Va. App. 638, 645, 496 S.E.2d 126, 129 (1998).  "Because the trial court considered the factors set out in Code § 20-107.3(E), and the evidence supports its conclusions, we will not disturb its equitable distribution award merely because it is unequal."  Watts v. Watts, 40 Va. App. 685, 702, 581 S.E.2d 224, 233 (2003).

### IV.  Attorney's fees and costs

Wife asks this Court to award her attorney's fees and costs incurred on appeal.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).  Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of

attorney's fees and costs incurred by wife in this appeal.  <u>See</u> <u>Gottlieb v. Gottlieb</u>, 19 Va. App. 77, 96, 448 S.E.2d 666, 677 (1994); <u>Via v. Via</u>, 14 Va. App. 868, 873, 419 S.E.2d 431, 434 (1992); Rule 5A:30(b).

## CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees and costs incurred at the remand hearing.

<u>Affirmed.</u>