COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Alston
Argued at Richmond, Virginia

UNPUBLISHED

CAROLE R. MONTGOMERY

                                MEMORANDUM OPINION* BY
v.      Record No. 0014-17-2      JUDGE ROBERT J. HUMPHREYS
                                DECEMBER 5, 2017
JOHN W. MONTGOMERY

FROM THE CIRCUIT COURT OF HENRICO COUNTY
John Marshall, Judge

Richard L. Locke (Shannon S. Otto; Locke & Quinn, on briefs), for
appellant.

Robert L. Harris, Jr. (Barnes & Diehl, P.C., on brief), for appellee.

Carole R. Montgomery ("wife") appeals the September 29, 2016 decision of the Circuit

Court for the County of Henrico (the "circuit court") terminating wife's spousal support from

John W. Montgomery ("husband") and recalculating child support. Wife argues that the circuit

court erred in (1) terminating wife's spousal support award based, in part, on its decision to

impute rental income to her without consideration of the expenses associated with the rental

properties, (2) terminating wife's spousal support award based, in part, on its decision to impute

rental income to her for two pieces of real estate she inherited because the real estate was not

subject to being rented, (3) treating the imputation of income to wife in the order of divorce as an

order requiring her to obtain employment and, as a result, in basing the current imputation of

income to her on the erroneous assumption that she obtained employment in 2011 and received

periodic raises in her income since 2011, and (4) concluding that wife's expenses "had changed

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

little" when the undisputed evidence established that wife's expenses had increased significantly since the prior support award and, as a result, erred in terminating her spousal support based in part on its unsupported conclusion.

Husband assigns as cross-error that the circuit court erred in (1) failing to include wife's spousal support income as part of wife's gross income when determining child support, (2) imputing only an additional $5,000 employment income annually to wife, rather than an additional $25,000 annually as husband's expert testified at trial, (3) in terminating retroactive support payments to the first trial date of April 4, 2016, rather than an earlier scheduled (but continued) trial date of February 8, 2016, and (4) in denying husband's request for attorney's fees and costs.

## I. BACKGROUND

Husband and wife married in August 1983. The parties have two children. By final decree entered on March 21, 2011, husband and wife divorced. At the time of the divorce, the circuit court found that husband's income was $15,850 per month. The circuit court also found that wife was "foregoing gainful employment" at the time and imputed income to wife in the amount of $3,400 per month—$40,800 per year. Finding that husband and wife "enjoyed a comfortable standard of living," the circuit court ordered that husband pay wife $4,100 per month in spousal support beginning December 1, 2010. The circuit court also ordered that husband pay wife child support in the amount of $1,123.73 per month.

On July 31, 2014, husband filed a motion to amend child support. Specifically, husband sought a deduction in his child support obligation based on the emancipation of the parties' eldest child. Subsequently, on December 31, 2014, husband filed a motion to amend spousal support seeking termination or modification of his spousal support obligation because wife had inherited substantial assets that could generate income.

Wife's inherited assets include a family vacation home and a home in Henrico County, Virginia (the "residential properties"), both owned by the Rosendorf Revocable Family Trust (the "Trust"). The Trust also owns a parcel of vacant farmland. Wife is a co-trustee and equal beneficiary of the Trust with her brother, Michael Rosendorf ("Michael"). The trust was created by wife's parents and upon the death of both parents, the Trust documents authorize the trustees to pay the debts, taxes, and certain other referenced charges. Subsequently, the Trust documents authorize the trustees to equally distribute the remaining assets to the beneficiaries. The trustees hold no other powers. At the time of the hearing in circuit court, no distribution of the Trust assets had occurred. In addition to the two residential properties owned by the Trust, wife inherited $817,000 in non-real estate assets, which wife holds in an investment account, as well as an individual retirement account ("IRA"). Aside from the income producing potential associated with wife's inherited assets, husband contended that wife was employable, but was not working, and that the circuit court should increase wife's imputed income.

On three separate dates—April 4, 2016, July 5, 2016, and September 23, 2016—the circuit court held hearings on husband's motions to amend child support and spousal support, each party's request for attorney's fees, and wife's motion for a reservation of spousal support. On September 29, 2016, the circuit court issued its opinion letter. The circuit court found that there was a material change in circumstances and, after considering factors in Code § 20-107.1(E), terminated wife's spousal support award. The circuit court set the effective date of termination as April 4, 2016, the first hearing date. The circuit court also decreased husband's child support obligation below the child support guidelines, citing its decision to impute income to wife. The circuit court set husband's final child support obligation at $1,370 per month, retroactive to July 31, 2014.

Explaining its findings in the September 29, 2016 opinion letter, the circuit court first acknowledged the two residential properties owned by the Trust. The circuit court concluded that, under the Trust, wife has a "one-half interest in two [residential properties] and a parcel of vacant land . . . having the combined assessed value of $1,231,300" with wife's separate half interest valued at $615,650. Examining the "income generating potential of the inherited assets[,]" the circuit court imputed rental income to wife in the amount of $1,975 per month.[1]

The circuit court also examined wife's inherited investment account and IRA. Specifically, the circuit court found that wife could generate $1,838.25 per month in income from the investment account, using a net annual rate of return of 2.7%, and that wife receives $278.16 per month from the IRA. Next, the circuit court found that wife did not have a reasonable basis for remaining voluntarily unemployed since 2011. The circuit court concluded that "[wife] would be earning at least $45,800 today had she sought employment in 2011 as directed by the court." As a result, the circuit court increased wife's annual imputed income by $5,000 when compared to the amount imputed to wife during the divorce proceedings.

Combining the value of wife's inherited assets and imputed income, the circuit court determined that wife "has $4,508.07 in additional monthly income" since the parties' divorce. Finding that wife's "additional monthly income of $4,508.07 exceed[ed] the monthly amount of $4,100 owed by [husband]" and that wife's expenses had "changed little since 2011[,]" the circuit court terminated wife's spousal support award.

---

[1] The circuit court did not address the income producing potential of the vacant parcel of land. The vacant land's value was assessed at $276,300 by the circuit court but since neither party addresses that parcel further and because this appeal addresses only the rental income imputed to wife from the two residential properties owned by the Trust—the family vacation home and a home in Henrico County, Virginia—we do not address this valuation further.

- 4 -

Following the circuit court's September 29, 2016 opinion letter, counsel for both parties submitted several letters to the circuit court seeking clarification of its ruling.[2]  On November 10, 2016, the circuit court issued a second opinion letter in response.  There, the circuit court awarded wife a reservation of "spousal support for [ten] years from September 29, 2016."  On December 8, 2016, the circuit court entered its final order.  On January 4, 2017, wife timely filed her notice of appeal.

## II.  ANALYSIS

### A.  Standard of Review

A court "may increase, decrease, or terminate the amount or duration of any spousal support and maintenance that may thereafter accrue, whether previously or hereafter awarded, as the circumstances may make proper."  Code § 20-109(a).  A party seeking modification "is required to prove both a material change in circumstances and that this change warrants a modification of support."  Street v. Street, 25 Va. App. 380, 386, 488 S.E.2d 665, 668 (1997) (quoting Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).  "The material change in circumstances must have occurred after the most recent judicial review of the award, and must bear upon the financial needs of the dependent spouse or the ability of the supporting spouse to pay."  Barrs v. Barrs, 45 Va. App. 500, 506, 612 S.E.2d 227, 230 (2005) (quoting Moreno v. Moreno, 24 Va. App. 190, 195, 480 S.E.2d 792, 795 (1997)) (internal quotations and citations omitted).

"On appeal, the trial court's findings must be accorded great deference."  See Moreno, 24 Va. App. at 195, 480 S.E.2d at 795 (citing Bandas v. Bandas, 16 Va. App. 427, 432, 430 S.E.2d 706, 708 (1993)).  "In determining whether credible evidence exists, the appellate court does not

---

[2] On October 3, 2016, after receiving the circuit court's opinion letter dated September 29, 2016, wife filed a motion with the circuit court requesting that the circuit court "include a reservation of spousal support for [wife] in the Court's Final Order."

retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "We will not disturb the trial court's decision where it is based on an *ore tenus* hearing, unless it is 'plainly wrong or without evidence in the record to support it.'" Furr v. Furr, 13 Va. App. 479, 481, 413 S.E.2d 72, 73 (1992) (quoting Schoenwetter, 8 Va. App. at 605, 383 S.E.2d at 30).

### B. Whether the Circuit Court Erred in Imputing Rental Income to Wife

Wife, in her first and second assignments of error, contends that the circuit court erred in its decision to impute rental income to her from the two residential properties. Specifically, wife argues that the circuit court failed to consider the expenses associated with the residential properties. Wife also argues that, because the Trust owns the residential properties with wife and Michael as co-trustees, wife cannot unilaterally elect to rent out the residential properties. Husband, on the other hand, contends that the Trust requires wife and Michael to equally divide their parents' assets such that wife and Michael are no longer co-owners of the residential properties. Further, husband argues that if wife and Michael refuse to sell the residential properties, "[wife] at least should be held to her legal obligation to attempt to be self-sufficient financially."

In support of his argument, husband notes that a former spouse receiving support "ha[s] no right to remain idle at the expense of [the obligor spouse]" and that "it is [the recipient spouse's] duty to minimize [the obligor spouse's] loss . . . ." Baytop v. Baytop, 199 Va. 388, 394, 100 S.E.2d 14, 19 (1957). Aside from quoting a generally accepted legal principle, however, husband does not provide any legal basis requiring the liquidation of the Trust's assets.

Though a supported spouse is obligated to decrease the amount of support necessitated by outside or imputed income, husband's argument and the circuit court's decision conflicts with

- 6 -

the nature of the Trust itself. The Trust states that "[e]ither or both Trustees may act in the discharge of duties to the Trust" and that its purpose, "upon [the parents'] respective deaths, [is to] provide for the disposition of [their] assets at [their] deaths." The Trust further provides that "any assets remaining in the Trust" after payment of debts, taxes, and other charges, are to be "[e]qually divided between our children . . . per stirpes."[3] The Trust, however, does not require the liquidation of assets as husband suggests and as the circuit court held. Instead, the disposition of the Trust assets is discretionary. According to the terms of the Trust, in its "Retention of Investments" section:

> The Trustors may own closely held business interests, partnership interest, real estate investments or other assets which are not considered suitable investments for the Trustee under Virginia law. Nevertheless, the Trustors authorize the Trustee to retain any such assets received from either of us or our estates, *for as long as the Trustee may deem appropriate*, whether or not such assets satisfy the prudent investor standard for fiduciary investments, produce income or represent an over concentration in one investment.

Thus, although the Trust ultimately requires equal division of the Trust assets between wife and Michael as beneficiaries, as trustees, they have complete and unfettered discretion to decide when such division occurs.

The circuit court erred in imputing rental income to wife from the two residential properties owned by the Trust. At the time of trial, wife and Michael in their role as trustees had not yet distributed either of the two residential properties. Thus, while wife possesses a future beneficial interest in the Trust, wife had not yet "inherited" any property that was part of the corpus of the Trust. It then follows that the circuit court lacked the authority to reach into the Trust to force wife and Michael—who is not a party to this divorce litigation—to dispose of

---

[3] "Per stirpes means proportionately divided between beneficiaries according to their deceased ancestor's share." Jimenez v. Corr, 288 Va. 395, 406 n.2, 764 S.E.2d 115, 119 n.2 (2014) (quoting Sheppard v. Junes, 287 Va. 397, 406 n.4, 756 S.E.2d 409, 413 n.4 (2014)).

Trust property or to impute income to wife based upon undistributed Trust assets. We therefore conclude that the circuit court abused its discretion in imputing rental income to wife from the two residential properties owned by the Trust.

Moreover, the law of the Commonwealth does not require wife to sell her interest in the two residential properties to relieve husband from his spousal support obligation. The mere fact that the two residential properties could be sold or rented to generate income is irrelevant. It is well-settled that "[t]he law does not require [wife] to invade [her] estate to relieve the obligation of her former husband whose actions have brought an end to their marriage." Ray v. Ray, 4 Va. App. 509, 514, 358 S.E.2d 754, 757 (1987) (quoting Klotz v. Klotz, 203 Va. 677, 680, 127 S.E.2d 104, 106 (1962)); see also Zipf v. Zipf, 8 Va. App. 387, 398-99, 382 S.E.2d 263, 269 (1989) (concluding that "[t]he law does not require the spouse who seeks support to exhaust his or her own estate in order to qualify, relieving the other spouse of all obligation of support until that estate is depleted"). Because the law prohibits the invasion of wife's inheritance for the purposes of determining or modifying a spousal support award, we reverse and remand with direction to the circuit court that it reconsider its imputation of income calculation.

Our holding does not imply that wife's beneficial interest in the residential properties is entirely irrelevant to the modification of her spousal support award. Wife's interest in the Trust certainly falls under the "property interests of the parties," a factor relevant in the initial calculation of a spousal support award. See Code § 20-107.1(E). The circuit court, however, is not required to consider the factors listed in Code § 20-107.1(E) in determining whether to *modify* a spousal support award. A court may modify spousal support "as the circumstances make proper." Code § 20-109(a). However, until the Trust assets or income therefrom are distributed, wife's property interest is an unrealized future interest and proper circumstances

under Code § 20-109(a) do not include forced disposition of trust assets in violation of a valid trust agreement.

### C. Whether the Circuit Court Erred in Treating the Imputation of Income to Wife in the Order of Divorce as an Order Requiring Wife to Obtain Employment

Wife, in her third assignment of error, contends that the circuit court erred in imputing $5,000 of additional annual income to her based upon income inflation due to market forces. Wife argues that the circuit court treated the 2011 order of divorce as an order requiring wife to obtain employment. As a result, wife argues that the circuit court erroneously based the current imputation of income "on the erroneous assumption that she obtained employment in 2011 and received periodic raises in her income since 2011." Husband addresses the same issue in his second assignment of cross-error. There, husband contends that the circuit court should have imputed more than $5,000 of additional annual income to wife. In support of his argument, husband relies on the testimony of his vocational expert. Specifically, husband's vocational expert testified that had wife returned to work in 2011, wife's income would have increased from approximately $40,000, in 2011, to approximately $65,000, in 2016.

Income may be imputed "to a party who is voluntarily unemployed or voluntarily underemployed." Code § 20-108.1(B)(3). "In determining whether to impute income, the circuit court 'must look to current circumstances and what the circumstances will be within the immediate or reasonably foreseeable future, *not* to what *may* happen in the future.'" deCamp v. deCamp, 64 Va. App. 137, 150, 765 S.E.2d 863, 870 (2014) (quoting McKee v. McKee, 52 Va. App. 482, 490, 664 S.E.2d 505, 510 (2008)). Unless the circuit court misapplies the legal standard or misallocates the burden of proof, the question "[w]hether a person is voluntarily unemployed or underemployed is a factual determination." O'Hara v. O'Hara, 45 Va. App. 788, 798, 613 S.E.2d 859, 864 (2005) (quoting Blackburn v. Michael, 30 Va. App. 95, 102, 515 S.E.2d 780, 784 (1999)). It follows that the decision to impute income "rest[s] within the sound

discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence." Sargent v. Sargent, 20 Va. App. 694, 703, 460 S.E.2d 596, 600 (1995) (quoting Calvert v. Calvert, 18 Va. App. 781, 784, 447 S.E.2d 875, 876 (1994)).

The circuit court did not err when it concluded that wife would be earning $5,000 more today had she sought employment in 2011. Explaining its finding, the circuit court noted that "[wife] presented similar arguments . . . to the court in 2010 as to why she should not have to return to the workplace." The circuit court also acknowledged that "[wife] . . . presented new evidence as to why she has remained unemployed." Weighing the evidence, including that of husband's vocational expert, the circuit court found that the evidence "[did] not support a reasonable basis for [wife] not returning to work" and that wife remains voluntarily unemployed. The circuit court then imputed $5,000 of additional annual income to wife that reflected an increased salary had wife gained employment in 2011. While husband contends that the circuit court should have imputed an additional $25,000 per year to wife, it was within the circuit court's discretion to determine the additional imputed income. See O'Hara, 45 Va. App. at 798, 613 S.E.2d at 864. Therefore, we hold that the circuit court did not err when it imputed $5,000 of additional annual income to wife.

### D. Whether the Circuit Court Erred in Concluding that Wife's Expenses Had Changed Little Since 2011

Wife, in her final assignment of error, argues that the circuit court erred when it concluded that wife's expenses had changed little since the parties' divorce. Wife contends that "undisputed evidence" establishes that her expenses have increased by $891 per month since

2011.[4] Consequently, wife argues that the circuit court erred in terminating her spousal support award based, in part, on its allegedly unsupported conclusion.

Whether wife's expenses had changed is a factual determination which will not be disturbed unless it is plainly wrong or without evidence to support it. See Howell v. Howell, 31 Va. App. 332, 341, 523 S.E.2d 514, 519 (2000).

In support of her assignment of error, wife cites several contributing factors for her increased monthly expenses. These included health-related expenses, vehicle expenses, and repair and maintenance expenses. Wife also suggests that this Court should consider the expenses associated with wife's inherited residential properties, even though wife does not include those expenses in the calculation of her current expenses. Wife states that including the expenses associated with the inherited residential properties "results in a more significant increase in her expenses since the divorce."

Reviewing the evidence, we hold that the trial court did not err in concluding that wife's expenses had changed little since 2011. Importantly, because wife did not own the residential properties in 2011, the expenses emanating from those properties are irrelevant. Further, the circuit court was not bound to accept wife's assertion of increased expenses, and whether or not a party carries its burden of persuasion is not reviewable on appeal. See Giraldi v. Giraldi, 64 Va. App. 676, 681, 771 S.E.2d 687, 690 (2015) ("Whether and how much spousal support will be awarded is a matter of discretion for the trial court.").

---

[4] Wife's initial income and expense report, dated November 23, 2010, and used during the 2011 divorce proceedings, indicated that wife's expenses totaled $5,572 per month. Wife's current expense report, dated March 21, 2016, totals $6,463 per month. This amount excludes wife's expenses resulting from the inherited residential properties. As a result, wife contends that her basic expenses have increased by $891 per month since the divorce.

E. Whether the Circuit Court Erred in Failing to Include in Wife's Gross Income the Spousal Support that Wife Received During the Retroactive Period

Husband, in his first assignment of cross-error, contends that the circuit court erred when it determined the parties' child support obligation because it failed to consider the amount of spousal support paid by husband and received by wife during the pertinent time. Husband alleges that, when calculating spousal support during the retroactive period, the circuit court did not include in wife's income—or deduct from husband's income—spousal support payments of $4,100 per month.

Pursuant to Code § 20-108.2(C)(4)(i), "spousal support received shall be included in gross income and spousal support paid shall be deducted from gross income when paid pursuant to an order . . . ."

After deviating from the child support guidelines to account for wife's imputed income, the circuit court set husband's final child support obligation at $1,370 per month, retroactive to July 31, 2014. At the same time, the circuit court ordered the termination of wife's spousal support, retroactive to April 4, 2016. When the circuit court set husband's child support obligation, however, it deviated from the child support guidelines based, in part, on the additional imputed income to wife. The circuit court also terminated husband's spousal support obligation based, in part, on assets that wife inherited and the additional imputed income.

Because the circuit court erred in imputing rental income to wife from the two residential properties owned by the Trust, it follows that the circuit court's reliance on the additional monthly income imputed to wife in determining husband's child and spousal support obligations was also error. Therefore, we reverse and remand on this issue with direction that wife's gross income be recalculated based upon our holding.

F. Whether the Circuit Court Erred in Retroactively Terminating Husband's Spousal Support Obligation to April 4, 2016

Husband, in his third assignment of cross-error, contends that the circuit court erred by retroactively terminating wife's spousal support award only to April 4, 2016, the first hearing date. Instead, husband argues that the circuit court should have retroactively terminated wife's spousal support award to February 8, 2016, the day that the hearing was originally scheduled to begin.

Code § 20-112 addresses retroactive modifications to spousal support awards. Specifically, the statute states that, "[e]xcept as provided by § 20-110, no support order may be retroactively modified, but may be modified with respect to any period during which there is a pending petition for modification in any court, but only from the date that notice of such petition has been given . . . ." Code § 20-112. Further, "[w]hether to make modification of a support order effective during a period when a petition is pending is entirely within the discretion of the trial court. Its decision in this regard will not be disturbed on appeal absent an abuse of discretion." O'Brien v. Rose, 14 Va. App. 960, 965, 420 S.E.2d 246, 249 (1992).

Wife requested a continuance of the hearing from February 8, 2016, based on the unavailability of an expert witness. Although husband agreed to the continuance from February 8, 2016, to April 4, 2016, husband now contends that wife repeatedly delayed trial and acted in bad faith. Husband provides no support in the record for his bald assertions and, in any event, the circuit court clearly had the authority to determine the effective date terminating husband's spousal support obligation. It could be "any period during which there is a pending petition for modification in any court[.]" Code § 20-112.

The circuit court properly exercised its discretion in setting the effective date terminating husband's spousal support obligation. On December 31, 2014, husband filed a motion to amend spousal support. On December 8, 2016, the circuit court entered its final order. It follows that

- 13 -

the effective date terminating husband's spousal support obligation was appropriate on any date between December 31, 2014, and December 8, 2016. The circuit court's decision to retroactively terminate husband's spousal support obligation to April 4, 2016, falls within that window. As a result, the circuit court did not abuse its discretion.

### G. Attorney's Fees

In his final assignment of cross-error, husband argues that the circuit court abused its discretion when it denied husband's request for attorney's fees and costs. Further, both husband and wife request attorney's fees and costs incurred on appeal.

"[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). Additionally, the decision of whether to award attorney's fees and costs incurred on appeal is discretionary. See Rule 5A:30(b); see also Allen v. Allen, 66 Va. App. 586, 603, 789 S.E.2d 787, 795 (2016). In domestic relations cases, we award appellate attorney's fees when the arguments on appeal are "not fairly debatable under any reasonable construction of the record or the governing legal principles." Brandau v. Brandau, 52 Va. App. 632, 642, 666 S.E.2d 532, 538 (2008).

Husband justifies his request for attorney's fees based on the allegedly frivolous testimony of Larry Sinsabaugh, wife's vocational expert. Husband also contends that wife caused an unnecessary procedural delay. Specifically, husband contends that he was entitled to attorney's fees and costs at trial because he was willing to stipulate to the testimony of William Dacey ("Dacey"), another of wife's expert witnesses, or that Dacey's testimony could have been presented by deposition. As a result, husband argues that the continuance of the May 24, 2016 second trial date to July 5, 2016, was unnecessary and costly.

- 14 -

After reviewing the record and husband's arguments, we cannot conclude that the circuit court abused its discretion in denying husband's request for attorney's fees and costs. Although husband presently challenges the continuance of the May 24, 2016 second trial date to July 5, 2016, husband agreed to the continuance in the first place. Therefore, we affirm the circuit court's denial of husband's request for attorney's fees and costs. Moreover, this Court finds that the litigation, while protracted, addressed appropriate and substantial issues and that wife did not generate unnecessary delay or expense in pursuit of her interests. We decline to award appellate attorney's fees and costs to either party because the arguments of both husband and wife are fairly debatable and indeed, each has partially prevailed.

## III. CONCLUSION

For the foregoing reasons, we affirm in part and reverse in part and remand this case to the circuit court with instructions that it reconsider its modification of wife's spousal support consistent with this opinion.

Affirmed in part, reversed in part, and remanded.